## ENTERPRISE PRINTING AND PUBLISHING COMPANY *v.* CRAIG ET AL.

[No. 24,725.  Filed June 25, 1924.  Rehearing denied November 6, 1924.]

1.  PLEADING.—*Motion to Make More Specific Overruled.—Determination of Sufficiency of Complaint on Demurrer.*—Where a motion to make a complaint more specific by setting out facts relied on to support alleged conclusions therein is overruled, the sufficiency of the complaint to withstand a demurrer must be determined from the facts stated without support from any such alleged conclusions which are not drawn from facts fully pleaded.  p. 306.

2.  CORPORATIONS.—*Appointment of Receiver.—Grounds for Action by Stockholder.*—In an action brought by a stockholder against a corporation and other stockholders, asking for the appointment of a receiver and the distribution of the assets, and not alleging insolvency or any danger thereof, but merely complaining that the majority stockholders have taken over the offices for themselves and friends, have increased salaries, and have excluded plaintiff from office and from all share in control of the corporation, there are no grounds for the action.  p. 308.

3.  CORPORATIONS.—*Purchase of Stock.—Right of Majority Members to Control.*—One who buys stock in a corporation takes it subject to the right of the majority stockholders to elect the officers and control the company and its property.  p. 308.

4.  CORPORATIONS.—*Dissolution.—Limitation on Power of Court of Equity.*—A corporation being the creature of statutes, a court of equity has no power to decree its dissolution except in the exercise of a statutory authority.  p. 308.

5.  APPEAL.—*Reversal of Entire Judgment for Interrelation of Parts.*—A judgment appointing a receiver for a corporation, ordering sale and a distribution, and combining personal judgments against principal stockholders, was so interrelated that the entire judgment must be reversed even though the principal stockholders had not demurred to the complaint.  p. 308.

6. CORPORATIONS.—*Action Against Corporation and Principal Stockholders.—Findings Outside Issues.*—Where an action was brought by a minority stockholder against a corporation and principal stockholders, without any suggestion of suing on behalf of the company after an unsuccessful effort to induce its officers to sue, and the defendants joined in an answer of general denial, the only issue presented by the pleadings was whether the plaintiff had a cause of action against the defendants or any of them, and consequently whatever findings, if any, tended to make out a cause of action in favor of the corporation against its codefendants, were not within the issues. p. 308.

7. TRIAL.—*Findings Outside the Issues.—Effect.*—Findings outside the issues will not support a conclusion of law and are to be disregarded. p. 308.

8. CORPORATIONS.—*Exclusion of Minority Stockholder from Office.—Misconduct of Officers.—Receivership.*—The exclusion of a minority stockholder from holding an office in a· corporation is not ground for the appointment of a receiver, when the business is managed successfully and in the interest of all the stockholders, nor is the appointment justified by facts showing that the majority stockholders have paid themselves larger salaries than they should as officers of the corporation, and have failed to account for money of the corporation commingled with their own. p. 310.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Will H. Craig, and others against the Enterprise Printing and Publishing Company. From a judgment for the plaintiffs, the defendant appeals. (Transferred to the Supreme Court under §1394 Burns 1914, §10, ch. 247, Acts 1901 p. 567.) *Reversed.*

*Matson, Carter, Ross & McCord, Christian & Waltz, Fred E. Hines* and *Jackiel W. Joseph,* for appellant.

*Thomas E. Kane, Cassius M. Gentry; Frank S. Campbell, William V. Rooker* and *Joseph & Abrams,* for appellees.

EWBANK, J.—The appellant company appealed from a judgment appointing a receiver and commanding that he take possession of all its property and assets, and sell the same, and distribute the proceeds among its

stockholders in proportion to the amount of stock held by each; and further adjudging that appellant recover certain amounts of money as against each of its co-defendants below, the appellees, Edward E. Neal and Charles S. Neal, and that it recover a further sum from both of them jointly, together with its costs, and that the receiver deduct the amounts of such judgments from the distributive shares of Neal and Neal, as stockholders, in the proceeds to be distributed by him.

Appellant has assigned as error, among other things, the overruling of its motion to make the complaint more specific and of its demurrer to the complaint, and that the court erred in its conclusion of law that a receiver should be appointed for the appellant company, and that its property should be sold and divided among the stockholders.

The complaint alleged, in substance, that the defendant company (appellant) was a corporation with a capital stock of $25,000, divided into shares of $25 each, and was engaged in publishing a newspaper and doing a job printing business; that since April, 1916, plaintiff (appellee Craig) had owned 480 of said shares, and defendants Neal and Neal (also appellees) had owned 519 shares, and that the daughter of one of them had owned one share; that at the annual stockholder's meetings defendants Neal and Neal had elected themselves and said daughter as directors, and one of themselves as president and the other as secretary, treasurer and business manager of the company in April, 1916, and each year thereafter, and had assumed and exercised full control of the company and its property; that their services "were of the reasonable value of only, to wit, $1,000 per year each," but that as such directors they "voted and paid to themselves large and exorbitant salaries" in larger amounts, as set out, which were in excess of the value of their services; that

they kept no books, and plaintiff cannot identify the exact amounts paid by defendants to themselves as salaries; that defendants Neal and Neal have also fraudulently and unlawfully appropriated to themselves large sums of money belonging to said company, to wit, $3,000; that advertising was printed by the defendant company to an amount not known by plaintiff nor shown by the books of defendant company, which was paid for in merchandise that defendants Neal and Neal appropriated to their own use; that said defendants owned a linotype machine and sold it to their codefendant, the company, for $1,600, which was greatly in excess of its actual value; that they have not kept accurate accounts of the receipts and disbursements of the company, and have taken credit for sums of money as paid out for its benefit which were not so paid; that at the annual meetings of stockholders defendants gave no consideration to plaintiff, but elected themselves and said daughter as the officers, and merely informed plaintiff of the result; that defendants refused to let plaintiff examine the books and accounts of the company, but after he had sued them did permit such an examination; that defendants charged their attorney fees in said litigation to the defendant company; that all stockholders but plaintiff, other than defendants Neal and Neal, are relatives of said defendants, and are taking no part in the management of the corporation, but are consenting to the acts of said defendants; that plaintiff offered to sell his stock to Neal and Neal "at its fair value," but they refused to pay more than par for it, and demanded twice the par value for their own stock. And it was further averred "that on account of the said Edward E. Neal and Charles S. Neal, the owners of a majority of said stock, and the remaining stockholders, except the plaintiff, consenting to the management of said corporation

by said defendants in such manner as they chose, an unprejudiced board of directors cannot be chosen to manage the affairs of said corporation in the interest of all the stockholders thereof, but that Edward E. Neal and Charles S. Neal demand the right as majority stockholders to manage the said corporation in their own interest and without regard to the rights of the minority stockholders * * * Plaintiff avers that if said defendants, Edward E. Neal and Charles S. Neal, are permitted to continue the management of the business of said corporation in the future this plaintiff will sustain great financial loss and that the dissensions of the owners of the stock and the continued litigation which will result will greatly injure said corporation and may cause its future insolvency."

1. Appellant's motion to make the complaint more specific by setting out the facts relied on to support each of several alleged conclusions therein having been overruled, the sufficiency of the complaint to withstand a demurrer must be determined from the facts stated, without support from any such alleged conclusions which were not drawn from facts fully pleaded and set out in it. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740.

Appellant's demurrer challenged the sufficiency of the facts stated in this complaint to constitute a cause of action, and more particularly their sufficiency to justify the appointment of a receiver and a sale of its property and the distribution of its assets among the stockholders, by which the corporation, in effect, would be dissolved. Obviously, as against the company the complaint was drawn on the theory of procuring a receiver to be appointed and the assets distributed, and nothing else. It does not allege that the defendant had invaded any legal right of plaintiff, either by what it had done or what it had omitted to do, nor that it

is indebted to him, nor to anybody whatever, for that matter. The question presented by the demurrer, then, is whether the complaint states a cause of action by a stockholder against the company in which he owns stock, for the appointment of a receiver and the dissolution of the corporation by means of a sale of its assets and the distribution of the proceeds.

It is not alleged that the company is insolvent, or is in imminent danger of insolvency. On the contrary it is alleged that "par" is not a "fair price" for plaintiff's stock, and that the majority stockholders refuse to sell theirs for less than twice its par value. It is not alleged that the company is in failing circumstances, and if we look to the evidence and the special findings they show that it has paid dividends each year since Neal and Neal took over the exclusive control at the rates for the different years, respectively, of fifteen, fifteen, six and twelve per cent. on its capital stock, and that the volume of business done and the assets of the company have both increased in that time. But the complaint merely alleges that the majority stockholders have taken over all the offices of the corporation for themselves and their friends, have increased their own salaries, and with the consent of all the other stockholders have excluded one minority stockholder (the plaintiff) from the offices and from all share in the control of the corporation and its business, and as to some small items have not dealt fairly with the corporation, and have failed to keep books properly; that said minority stockholder has brought suits against the company and its officers, and unless a receiver is appointed and the business sold will bring other suits and cause the company financial loss.

Whatever right a court might have to appoint a receiver at the suit of a minority stockholder where the corporation was being so mismanaged by the majority

stockholders as to threaten it with insolvency, 2, 3. or was being fraudulently operated in such a manner as to deprive the minority stockholders of dividends on their stock which were being fairly earned and were being diverted to other purposes (as to which we decide nothing), clearly the facts alleged in this complaint afford no ground for such an appointment. There is a marked difference between a corporation and a partnership, and disagreements between stockholders have no such effect as disagreements between partners. One who buys stock in a corporation takes it subject to the right of the majority stockholders to elect the officers and control the company and its property. That is of the very essence of a corporation. And so far as the allegations of the complaint show the appellant company may have been earning a large income under the management of Neal and Neal, and paying large dividends.

Remedies far short of appointing a receiver, selling the assets, distributing the proceeds, and thereby dissolving the corporation, are available to compel 4. the officers and manager of a company to account for whatever comes into their hands that belongs to the company. A corporation is the creature of statutes, and except in the exercise of statutory authority a court of equity has no power to decree its dissolution. We know of no statute which authorizes a decree of dissolution merely because of a disagreement between the stockholders as to who shall hold the offices and how the business shall be conducted.

Overruling the demurrer of the appellant company was an error for which the judgment must be reversed. And the appointment of a receiver, the order of 5-7. sale and distribution, and the personal judgments against appellees Neal and Neal are so interrelated and combined in the judgment which the court

rendered that the judgment must necessarily be reversed as a whole, even though Neal and Neal did not demur to the complaint. But they have assigned as error that the trial court erred in each of its conclusions of law, and we shall turn to that subject for a moment. This action was commenced by appellee Craig, as plaintiff, in his own behalf, and named the appellant company and Neal and Neal as defendants, without any suggestion of suing on behalf of the company after an unsuccessful effort to induce its officers to sue. The three defendants joined in an answer of general denial, and the only issue for trial was joined upon the complaint and answer. The appellant company did not file any complaint or cross-complaint, and appellees Neal and Neal did not join any issue with the company. Consequently, whatever findings there were, if any, that tended to make out a cause of action in favor of the company against its codefendants, Neal and Neal, with whom no issue had been joined by it, were not within the issues, as the pleadings only presented the issue whether or not appellee Craig, the plaintiff, had a cause of action against the defendants or any of them. And findings outside the issues will not support a conclusion of law, but must be disregarded. *Neutz* v. *Jackson Hill, etc., Co.* (1894), 139 Ind. 411, 414, 38 N. E. 324, 39 N. E. 147; *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 200, 97 N. E. 449.

The separate exceptions of appellees Neal and Neal to the third conclusion of law should have been sustained.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint.

## ON PETITION FOR REHEARING.

EWBANK, J.—A petition was filed to transfer this cause after an opinion of the Appellate Court had stated

that (a) "Appellant has assigned as error the court's action in overruling its demurrer to the complaint. * * * The complaint was sufficient to withstand appellant's demurrer." (b) "It is contended that a court of equity has no power at the suit of an individual to decree a dissolution of a domestic corporation, and to wind up its affairs unless such extraordinary power has been conferred upon it by the terms of a statute. * * * But in the instant case the corporation was solvent, and the delinquent officers owned a majority of the stock and were excluding Craig from participation in the management, thereby making it impossible for him to protect his interest against their fraudulent acts, except by an action in equity for a receiver and for dissolution." After which that court had proceeded to decide that a receiver was properly appointed, and to affirm a judgment decreeing that the corporation be dissolved. Being convinced that the decision was wrong on both propositions this court so decided. Appellee is obviously mistaken in asserting that the Supreme Court reversed the judgment "upon grounds not * * * considered in the Appellate Court."

Counsel cite decisions to the effect that if the majority stockholders of a corporation and directors chosen by them shall fraudulently so manage a corporation as to keep it from earning an income and otherwise fulfilling its corporate purposes, or so as to absorb the income for the use and benefit of the majority stockholders, paying no dividends to the minority, such fraud will justify the appointment of a receiver. But in the case at bar there was no allegation denying that the business was successfully managed and that substantial dividends were paid, while the special findings showed that the volume of business had increased more than one third, and that substantial dividends had been paid each year. So that if it

be granted that the law is correctly declared by the cases which appellees have cited (as to which we decide nothing) those cases do not control the decision of this one.   The mere fact that a minority stockholder is excluded from holding office in a corporation, and that the majority stockholders hold all the offices and manage the business is not cause for appointing a receiver, when the business is being managed successfully in the interest of all the stockholders.   And neither are the facts, as alleged in the complaint, that the owners of a majority of the stock, holding all of the offices, have paid themselves larger salaries than they should, and have blended their private business with the business of the corporation, and failed properly to account for money of the corporation thus commingled with their own.   Neither a receivership nor a dissolution is necessary to obtain an accounting on behalf of the corporation.

The petition for a rehearing is overruled.