## CROATIAN BROTHERS PACKING COMPANY *v.* RICE.

[No. 11,939.   Filed April 1, 1925.   Rehearing denied June 5, 1925.
Transfer denied October 30, 1928.]

*William J. Whinery,* for appellant.
*Davis & Starr,* for appellee.

ENLOE, J.—This was an action by the appellee to recover damages on account of a personal injury, caused by the alleged negligence of the driver of one of appellant's auto trucks. A trial by jury resulted in a verdict against appellant, upon which judgment was rendered.

The only error assigned is the action of the court in overruling the motion for a new trial. While there were a number of specifications in said motion, on this appeal the appellant has presented only those hereinafter considered.

It is insisted that the motion for a new trial should have been sustained because of the alleged misconduct of counsel for appellee, as set forth in said motion, ▇ while examining jurors as to their qualification to serve on said jury. The specification in the motion for a new trial was supported by the affidavit of counsel for appellant, attached to said motion, wherein the alleged misconduct is set forth. This record, as it comes to us, presents no question on this matter. This court can only review alleged errors of law. This means that the trial court must have made a *ruling* involving a matter of law, and that the party complaining in this court must have taken an exception thereto. In the absence of such ruling, no question of law can be involved, and therefore, also, no exception. Such exception can only be taken by the party or parties, to whom the ruling is adverse. Counsel in this case point to no adverse ruling of the court, and therefore to no error. But, counsel insist that the ruling on the motion for a new trial and the exception thereto are sufficient to present the matter. With this contention we cannot agree. By its bill of exceptions the court certifies as to the particular transaction in question, the particular conduct of which complaint is made, and such certificate imports absolute verity, but where the alleged misconduct is set forth in an affidavit only, and then such affidavit is brought into the record by a bill of exceptions, we have, not the certificate of the trial judge that the alleged act took place as complained of, but only his certificate that the affidavit in question was filed and the ruling of the court thereon, leaving the vital question entirely out of

the record, so far as the same being covered by his certificate is concerned, and it has, therefore, been many times held that such conduct, if a review thereof is desired, must be brought into the record by a proper bill of exceptions in that behalf. *Robb* v. *State* (1896), 144 Ind. 569.

Counsel for appellant also complains of alleged misconduct on the part of counsel for appellee, during the trial, in the cross-examination of certain witnesses. Here, again, we find no adverse ruling and no exception, and, even if the record had shown such ruling and exception, we cannot say, after an examination of the record, that the conduct complained of was not fully warranted, or that it was in any way unethical.

The appellant, at the close of the testimony offered in behalf of appellee, and also at the conclusion of all the testimony, requested a peremptory instruction in its favor, which the court refused to give; this is presented as error. These instructions were based upon the proposition that the evidence shows, as a matter of law, that the appellee was guilty of negligence which proximately contributed to his injury, and also, that the evidence fails to show, as a matter of law, any negligence on the part of the driver of said truck. This contention necessitates a consideration of the evidence.

The appellee testified that at the time he was injured, he was on his way from his home to his work; that the accident happened in the city of Gary; that Broadway and Fifth avenue are two of the principal streets in said city; that Broadway extends north and south, and Fifth avenue east and west in said city; he had come from the south, on a street car, to the intersection of said streets; that there were double tracks for street cars on each of said streets; that the exit door of the street car on which he rode to said point was in the center of the car; that,

when the car arrived at Fifth avenue, he alighted therefrom and went to the north end of said car and started to go west, across the street.

He further testified: "When I got to the north end of the car the 'GO' and 'STOP' signal said 'STOP,' and I started across the street; there was a south-bound car on the north side of Fifth avenue; just as I stepped across the north-bound track, the policeman changed the signal to 'GO,' and both the street cars on Broadway started; I went on across the southbound tracks, and just when I got across I was struck; I did not see the truck that hit me."

Another witness, who was standing at the southwest corner of said intersection of said streets, testified that he saw the truck in question coming down Broadway, from the north, when it was about 300 feet away; that he also saw the street car coming south on Broadway; that the street car stopped on the north side of Fifth avenue; that, at the time of the accident, the street car had started going south; that he saw the truck strike appellee; that it did not stop at Fifth avenue, and that, at the time it struck the appellee, it was going about twenty miles per hour; that after it struck the appellee it carried him about forty feet; that four street-car tracks intersect at Fifth avenue and Broadway; that Fifth avenue and Broadway were in the closely-built-up section of Gary, and that traffic was very heavy at that hour of the day on Fifth avenue, and that he did not think there was any corner in Gary which was more congested with traffic than this. Another witness, who owned a newsstand at the southwest intersection of said streets, testified that he saw the accident; that the truck came from the north; that it did not stop or even slacken its speed when it reached Fifth avenue, but continued on across said street, traveling at a speed of twenty to twenty-five miles per hour, and that the driver did not sound any

horn or give any signal as he crossed said street and before he struck appellee. Another witness, who was riding on the truck at the time appellee was struck, testified that he saw the appellee at a distance of about thirty-five feet before he was struck by said truck.

The law is so well settled as to when a court will be justified in taking a case from the jury by the giving of a peremptory instruction, that no authorities need be cited upon that proposition, and, upon this record, we must hold that the court did not err in refusing to give said instruction.

Instruction No. 1, requested by appellant, was fully covered by an instruction given by the court of its own motion; instructions Nos. 2, 3 and 4, as requested by appellant were not, as applied to this case, correct statements of the law, and instructions Nos. 5, 6 and 7, tendered by appellant, were fully covered by other instructions given.

Appellant next complains of instruction No. 3, given by the court of its own motion, contending that it was erroneous. This instruction told the jury that "there are three charges of negligence in the plaintiff's complaint," and that it was not necessary for the plaintiff to prove each charge alleged, but if he proved one of said charges by a fair preponderance of evidence, and such act of negligence so proved was the proximate cause of the accident resulting in appellee's injury, he would be entitled to a verdict. The complaint was based, so far as the negligence of the driver of said truck was concerned, upon the violation of §§10476a, 10476c Burns 1914. The complaint alleged that the place where the injury was occasioned was in the center of the business district of said city and was in the closely built up business portion thereof; that said truck was then and there being driven at a speed of twenty-five miles per hour; and, in approaching the plaintiff, said

driver wholly failed to slow down said machine, and that said driver also failed to give any warning of his approach by sounding a bell, horn or other device for signaling and thereby give appellee an opportunity to get out of the way of said truck. By the provisions of §10476c, *supra,* operating any motor vehicle upon any public street through the "closely built up portion of any incorporated city, town, or village" at a speed in excess of ten miles per hour, was *prima facie* negligence, and by §10476a, *supra,* it was made the duty of the driver of a motor vehicle, upon approaching or passing a street car that had been stopped to allow passengers to alight or embark, "to slow down, and, if it be necessary for the safety of the public, he shall bring said vehicle to a full stop." This section also makes it the duty of the person driving such vehicle, in approaching a pedestrian who is upon the traveled part of any highway, and not upon the sidewalk, to "slow down and give a timely signal with bell, horn, or other device for signaling," thereby giving warning of his approach so that such person may have an opportunity to protect himself and avoid injury. The driver of such vehicle must know that other persons have a right to use the street—to cross the same—and it is his duty to anticipate that the street will be so used by pedestrians, and, therefore it is also his duty to look, to see and know that such pedestrian is not in his road, and he must operate his machine at such speed that persons rightfully in, or attempting to cross, such street shall not be injured by reason of his failure to stop such machine and thereby avoid injuring them; his failure to see such persons in time to stop and avoid injury is no excuse; due care requires that he shall see such persons so rightfully attempting to cross such street in time to stop his machine; it is negligence not to see such person, and it is negligence so to run the machine that the same cannot be stopped and injury avoided after such persons are

seen. There was no error in giving said instruction.

Other instructions given are also complained of, but, after giving them due consideration, we are of the opinion that they are correct statements of the law as applied to the facts of this case. This case, as shown by the undisputed evidence, is not one where the plaintiff left the sidewalk on one side of the street and attempted to cross the street at a time when the traffic signal was against him, but it presents a case of a pedestrian, while crossing a street and when approximately in the center thereof, having the traffic signal changed, whereby he finds himself between the two currents of traffic, without fault on his part. He had not violated any traffic signal, and was, therefore, bound to act only as a reasonably prudent man in endeavoring to extricate himself, and whether he did so in this case was a question of fact for the jury.

There is nothing in the size of the verdict herein, nor in this record which indicates to us that the amount of the verdict is the result of passion or prejudice, and we cannot say that it is excessive; indeed, if the appellee was injured to the extent some of the evidence would indicate, the verdict seems to us to be moderate as to the amount thereof.

Complaint is also made of the admission of certain evidence over the objection of appellant, but we find no error in this regard.

Judgment affirmed.