HILL *v.* BOGGS.

[No. 14,441.   Filed April 7, 1933.   Rehearing denied June 30, 1933.
Transfer denied April 20, 1934.]

*Ben C. Rees, Russell W. Smith,* and *Ralph N. Smith,* for appellant.

*Harry B. Tuthill, Walter C. Williams,* and *Neville V. Williams,* for appellee.

WOOD, J.—This is an appeal from a judgment recovered against appellant by appellee for personal injuries alleged to have been suffered by appellee when he was hit by an automobile driven by appellant, as appellee was walking across the intersection of Seventh and Franklin Streets in Michigan City.

The complaint was in two paragraphs. On the trial of the cause, the first paragraph was, on instruction of the court, withdrawn from the jury, and will not be given further consideration in this opinion. A motion to make the second paragraph of complaint more specific, and a demurrer addressed thereto for insufficiency of facts were both overruled. The issues were closed by an answer in general denial. Upon these issues the cause was submitted to a jury for trial, resulting in a verdict in favor of appellee upon which judgment was entered. Appellant filed a motion for a new trial which was overruled, and he appeals to this court assigning as errors for reversal: the overruling of his motion to make the second paragraph of complaint more specific; the overruling of his demurrer to the second paragraph of complaint; and the overruling of his motion for a new trial.

The second paragraph of complaint alleged in substance: that on December 16, 1927, appellee was walking in a lawful, proper, and prudent manner and in the exercise of due care from the northwest to the northeast corner of the intersection of Seventh and Franklin Streets in Michigan City, along the lanes and safety zones provided by the city and commonly used by persons desiring to cross said intersection at that location; that said lanes and safety zones were adopted by the city pursuant to regulations established on May 1, 1925, and were in operation up to and including the time of the injuries complained of; that appellee was walking easterly along the lane in conformity with a signal system which had been established by the city for the regulation and government of traffic, both vehicular and pedestrian; that this light system was established at said intersection before and at the time of the injuries complained of; that the system contained green, red, and amber colored lights; that the green light was commonly known to mean and designate "clear right of way and proceed," that the red light was commonly known to mean and designate "stop," that the amber light was commonly known to mean and designate "clearance of intersection and no vehicle shall enter the intersection of any streets during any of the period that the amber signal is displayed." That the appellee waited on the sidewalk at the northwest intersection of said streets until the signal light turned green then proceeded to cross Franklin Street from west to east while the green light continued showing; that while appellee was proceeding in a careful and prudent manner, appellant in a careless, reckless, and negligent manner suddenly drove his automobile across the intersection of Seventh and Franklin Streets from the west side toward the east side of Franklin Street and turned in a left and northerly direction on Franklin Street

against the red light which was then showing and continued to show against north and south traffic on Franklin Street up to and including the time of the injuries complained of; that the appellee had proceeded to a point on the east track of the street railway consisting of two separate tracks running north and south on Franklin Street, and approached the east side of said street while the red light was showing against any north and south bound vehicular traffic including appellant's automobile; that appellant carelessly, recklessly, negligently, and unlawfully with great force and violence struck appellee with his automobile, thereby injuring appellee, describing the injuries; that at the time appellant made the left turn on Franklin Street he failed to give any signal by horn, whistle, or other sound-making device of his intention to make such turn; that it was made carelessly, negligently, recklessly, and contrary to the laws of the state of Indiana.

We will discuss the alleged errors on which appellant seeks a reversal of this cause in the order in which they are presented in his brief.

The court did not commit reversible error in overruling appellant's motion to make the second paragraph of complaint more specific. The ruling of the *nisi prius* court upon motions of this kind is so far discretionary in its character, that a reversal will not be granted unless it is made to appear that the rights of the complaining party have suffered. That portion of the motion to require the appellee to set out with more particularity the rules and regulations governing traffic, at the intersection in question, alleged to have been adopted May 1, 1925, might, with propriety have been sustained, but the record does not disclose that appellant was harmed in any way because it was overruled.

Upon the motion of appellant the appellee submitted

to a physical examination by a physician appointed by the court. His conditional examination was also taken by appellant, at which time appellee was fully, carefully, and thoroughly interrogated regarding all facts and circumstances in any way connected with the alleged accident and injuries sustained thereby. These steps were all taken and completed before the trial of the cause. The record does not show that on the trial appellant complained of any surprise, that there was any continuance asked, that he was in any way misled as to the issues presented from making a full and complete defense. *Terre Haute, etc., Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620, and authorities there cited. If no substantial injury results because of such ruling it is not prejudicial though technically erroneous. *Carter* v. *Richart* (1917), 65 Ind. App. 255, 114 N. E. 110.

Appellant's motion to make the second paragraph of complaint more specific by setting out the facts relied on to support each of the several alleged conclusions contained therein, having been overruled, the sufficiency of the complaint to withstand a demurrer for want of facts, must be determined from the facts stated, unsupported by any of the alleged conclusions, which are not drawn from facts fully pleaded and set out in it. *Enterprise, etc., Co.* v. *Craig* (1924), 195 Ind. 302, 144 N. E. 542. But, "In construing a complaint, where a demurrer is interposed it will be deemed sufficient whenever the necessary allegations can be fairly gathered from all the averments, even though stated illogically and by way of argument. All facts will be deemed stated that can be implied from the allegations made, by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated." *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675. The

complaint was sufficient to withstand a demurrer for want of facts. "How the appellee received the injuries of which he complains, and the acts of negligence relied upon for recovery, are set forth in the complaint with sufficient certainty to apprise a person of common understanding as to what was intended . . . that is the standard fixed by the code. Besides, it affirmatively appears from the record that appellant knew from the complaint the charge it was called upon to meet." *Terre Haute, etc., Co.* v. *McDermott, supra; Flamion* v. *Dawes* (1929), 91 Ind. App. 394, 169 N. E. 60.

Appellant alleges as causes for a new trial, that the amount of damages assessed was excessive; that the verdict of the jury was contrary to law, and not sustained by sufficient evidence; that the court erred in giving each instruction numbered from one to fifteen on its own motion; and that it erred in refusing to give instructions numbered from one to twenty-one tendered by appellant.

The jury returned a verdict for the sum of $4500. The nature, character, and permanence of appellee's injuries, and the amount of damages to be awarded was primarily a question for the jury to determine from the evidence. And where the evidence is conflicting upon that phase of the case, as it is here, the award will not be disturbed upon appeal unless it appears to have been the result of improper influence, bias, passion, prejudice, or partiality. The record does not show that any such circumstances operated to bring about the amount of the verdict in this case. *Lake Erie, etc., Co.* v. *Howarth* (1920), 73 Ind. App. 454, 124 N. E. 687; *Kenwood, etc., Co.* v. *Speckman* (1930), 92 Ind. App. 419, 176 N. E. 29; *Crotian, etc., Co.* v. *Rice* (1928), 88 Ind. App. 126, 147 N. E. 288.

There was a general verdict in favor of the appellee; this is in effect a finding in his favor on the issues of

negligence as well as upon all other issuable facts necessary to sustain his cause of action.

There is competent evidence in the record tending to establish the acts of negligence alleged in the complaint and that they were the proximate cause of appellee's injuries. We cannot say as a matter of law, that the verdict of the jury is not sustained by sufficient evidence and that it is contrary to law. *Fishman* v. *Eads* (1929), 90 Ind. App. 137, 168 N. E. 495; *Copp* v. *Harmon* (1929), 90 Ind. App. 348, 168 N. E. 701.

Complaint is made of certain instructions given by the court of its own motion, and refusal to give certain instructions tendered by the appellant. We have carefully examined all the instructions given by the court of its own motion. When considered in their entirety, we conclude that they were applicable to the issues tendered, and the evidence presented to the jury for its consideration, and that they fully and correctly state the law. We have also carefully examined the instructions tendered by the appellant and refused by the court of which complaint is made. These various instructions so far as they were applicable to the issues and the evidence were covered in substance by the court's own instructions. *Pittsburgh* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337; *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 111 N. E. 457; *Railway Express Agency* v. *Little* (1931), 50 Fed. (2nd) 59, 75 A. L. R. 963; *Crotian, etc., Co.* v. *Rice, supra; Fishman* v. *Eads, supra;* 5-6 Huddy, Automobile Law, (9th Ed) p. 32, Sec. 11.

We find no reversible error and the judgment is affirmed.

Smith, J., not participating.