CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY
*v.* GILBERT.

[No. 14,835.   Filed February 14, 1935.   Rehearing
denied May 11, 1935.]

*W. V. Moffett, Hays & Hays,* and *K. L. Richmond,*
for appellant.

*Ernest E. Cummings,* for appellee.

WOOD, J.—Appellant appeals from a judgment recovered against it by appellee, for damages alleged to have been suffered by him as the result of personal injuries, received when the automobile in which he was riding, and driven by himself, was hit by a passenger train operated by appellant, at the intersection of appellant's railroad tracks with a public highway in Sullivan County.

The only assigned errors discussed in its brief under points and authorities, hence requiring our consideration, are: error of the court in overruling appellant's motion for judgment on the interrogatories, notwithstanding the general verdict; and error in overruling appellant's motion for a new trial. The only alleged cause for a new trial not waived is specification number two—that the verdict of the jury is not sustained by sufficient evidence.

The cause was submitted to a jury for trial, on issues consisting of a second amended complaint in one paragraph, and an answer in general denial.

The negligent and wrongful acts of appellant charged as the proximate cause of appellee's injuries, as alleged in the complaint, were: "that said defendant's servant in charge of said locomotive engine never at any time before crossing over said public road crossing where said plaintiff was struck and injured, sounded the whistle or the gong on said locomotive engine, and wholly failed to give this plaintiff any warning of the defendant's approach at said public road crossing aforesaid, and all as the law provided."

"The general verdict is presumed to reflect the rights of the parties upon the substantial merits of the matters in controversy, and it must stand unless, with the aid of all reasonable presumptions within the issues in its favor, it cannot be

reconciled with the answers to the interrogatories unsupported by any inferences." *Citizens Telephone Co.* v. *Prickett* (1920), 189 Ind. 141, 149, 125 N. E. 193.

In determining whether the interrogatories and the answers thereto are in irreconcilable conflict with the general verdict, we are confined to the complaint, answer, general verdict, and answers of the jury to the interrogatories submitted to them. *Citizens Telephone Co.* v. *Prickett, supra; Marietta Glass Co.* v. *Pruitt* (1913), 180 Ind. 434, 102 N. E. 369.

From an examination of the interrogatories, it is apparent that they were limited to but one phase of the case, namely: the question of contributory negligence upon the part of appellee. Several of the interrogatories asked for mere conclusions of the jury, and therefore cannot be considered for any purpose. The answers to those remaining must be taken together and considered with the general verdict, which was a finding in favor of the appellee upon all issuable facts necessary to sustain his cause of action. *Hill* v. *Boggs* (1934), 98 Ind. App. 506, 185 N. E. 300; *Citizens Telephone Co.* v. *Prickett, supra.* The court did not commit error in overruling appellant's motion for judgment on answers to the interrogatories.

Appellant insists with much force that the evidence shows without conflict that the appellee was guilty of contributory negligence in approaching and endeavoring to cross appellant's railroad which was the proximate cause of his injury. Contributory negligence, or the want of reasonable care, is usually a mixed question of law and fact; it is only when the facts are undisputed, and the inferences to be drawn therefrom lead to but one conclusion that it becomes a question of law. Where the facts are in conflict, or of such a character that reasonable minds

may draw different inferences from them, then the question is one of fact to be determined by the jury. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500; *Indianapolis Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334.

It is not necessary to extend this opinion for the purpose of restating the reciprocal rights and duties of the traveler upon a public highway in the country, and the railroad company at the point of crossing of such a highway and the railroad tracks. With those in mind we have examined the record and we are convinced that, whether or not under all the facts and circumstances, the appellee exercised reasonable care in attempting to cross the railroad track was a question properly submitted to the jury for its determination and that its verdict is sustained by sufficient evidence.

Finding no error the judgment is affirmed.