GATEWOOD ET AL. *v.* LYNCH

[No. 16,196. Filed November 10, 1939.]

*Emmett S. Huggins,* and *Christain & Waltz,* for appellants.

*Fae W. Patrick, Thomas L. Webber,* and *Cloe, Campbell, Cloe & Cloe,* for appellee.

STEVENSON, C. J.—This action was filed by the appellee for damages growing out of the negligent operation of an automobile driven by the appellant Floyd Gatewood as agent and employee of the appellant Floyd Gatewood and Company, Inc. The complaint alleges that on or about the 8th day of November, 1935, at approximately 1:30 p.m., the appellee was alighting from a street car on West Washington Street in the city of Indianapolis, Indiana, which had stopped for the purpose of discharging passengers and that at said time and place the appellants drove and operated their automobile ''in a westerly direction on and along said West Washington Street, and approaching said street car, aforesaid, from the east when said street car was stopping and had stopped, as aforesaid, and carelessly and negligently continued to so drive and operate said automobile past said street car and to the right thereof and into and against this plaintiff, while plaintiff was walking in said street, as aforesaid, striking plaintiff with great force and violence and knocking plaintiff a distance of approximately twenty-five (25) feet, resulting in plaintiff being thrown to the pavement of said street with great force and violence.

"That the defendants, and each of them, as aforesaid, at said time and place aforesaid were negligently driving said automobile at a high and dangerous rate of speed, to-wit: fifty (50) miles per hour, and at a rate of speed which was greater than was reasonable ·or prudent, having regard to the width of the highway, which was approximately fifty (50) feet wide, the density of the traffic, which consisted of numerous automobiles, the condition of the weather and the use of the highway, and at a rate of speed endangering the life, limb and property of other persons using said highway.

"That the defendants, and each of them, while operating said automobile as aforesaid, carelessly and negligently failed to keep a lookout for other vehicles and pedestrians using said street, and carelessly and negligently failed to keep their said automobile under control; that the defendants, and each of them, while operating said automobile, as aforesaid, carelessly and negligently failed to sound any warning upon approaching and passing said street car, as aforesaid."

The appellee further alleged as a result of said negligence that he sustained injuries which will· be more particularly described hereafter. To this amended complaint an answer in general denial was filed. The case was tried before a jury which returned a verdict for the appellee and against the appellants for $4550.00. At the trial of this cause the appellants submitted to the jury twenty-nine (29) interrogatories, which interrogatories the jury answered and returned into court with their verdict. The appellants separately and severally moved the court for judgment in their favor on the answers to these interrogatories for the reason that said answers were in irreconcilable conflict with the general verdict. The court

overruled this motion and this ruling is the basis of the appellants' first assignment of error in this court.

Our attention is specifically directed to interrogatories numbered 7, 14, 19, and 25, as forming the basis for appellants' contention. These interrogatories and answers are as follows:

"Interrogatory No. 7. Where was plaintiff, in reference to the north line of the safety zone, if you find there was a safety zone near the place of the alleged accident at the time he first came in contact with defendant's automobile?

"Answer No. 7. On the line."

"Interrogatory No. 14. Was there a safety zone marked and designated on the pavement to the north of the north street car track at the point where plaintiff alighted from the street car?

"Answer No. 14. Yes."

"Interrogatory No. 19. Did defendant's car at any time enter upon or into the safety zone, if you find there was a safety zone at such point?

"Answer No. 19. Yes."

"Interrogatory No. 25. If you find that there was a safety zone near the point where plaintiff was injured, could plaintiff have avoided his injury by remaining in said safety zone until after defendant's automobile passed?

"Answer No. 25. No."

The appellants contend that these answers conclusively show "that the proximate cause of appellee's injuries was the fact that the automobile invaded the safety zone." They contend, therefore, that the negligent acts charged in the complaint to the effect that the automobile was being operated at an unlawful rate of speed; that it failed to sound a warning; that it was out of the driver's control, were remote causes of appellee's injury and therefore, the general verdict based thereon cannot be sustained. We can-

not concur in this contention. The general verdict of the jury for the appellee was in effect a finding that the appellants' automobile was negligently operated as alleged in the appellee's complaint. *Cole Motor Car Company* v. *Ludorff* (1916), 61 Ind. App. 119, 111 N.E. 447; *Standard Oil Co. of Indiana* v. *Thomas* (1938), 105 Ind. App. 610, 13 N.E. (2d) 336. Assuming, therefore, that the appellee's automobile was operated at a high and dangerous rate of speed and in a manner endangering the life and limb of pedestrians lawfully upon the street, the mere fact that such automobile so operated ran through a safety zone did not prevent such negligent operation from being in law the proximate cause of the appellee's injuries. There is accordingly no irreconcilable conflict between the general verdict and the answers to the interrogatories on this issue.

The appellant further contends that the answers to the interrogatories show that the appellee was guilty of contributory negligence and, this being true,

3. they are in irreconcilable conflict with the general verdict. Interrogatory No. 9 and the answer thereto are as follows:

"Interrogatory No. 9. Did plaintiff hear any noise from defendant's brakes or tires as the brakes were applied?

"Answer No. 9. Yes."

Interrogatory No. 10 asked, "What, if anything, did he do thereafter to avoid being injured?", to which the jury answered, "Nothing." The answers to the interrogatories do not show how far the automobile was from the appellee when he first heard the noise of the brakes nor do they show how much time elapsed from that instant to the time of the collision. We can-

not therefore say as a matter of law that the appellee was guilty of contributory negligence by doing nothing after having heard the noise of the brakes being applied. He may have had no time in which to act or he may have erred in judgment as to what was best for him to do under the circumstances. A similar situation was before this court in the case of *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 182, 111 N.E. 457, where the court said:

> "But even though it be conceded that she did see the automobile at the time, we cannot say that her conduct in attempting to cross the street was such as to prevent a recovery as a matter of law. To do so would be to hold substantially that a pedestrian attempting to cross the street where motor vehicles frequently pass and repass would have to wait until the approaching vehicle had passed. This would certainly abridge the free use of the thoroughfare on the part of the pedestrian. Appellee was bound to exercise that degree of care that an ordinarily prudent person would exercise under the circumstances, but it was a question of fact for the jury as to whether she exercised such a degree of care.
>
> "From the time appellee left the sidewalk until she was struck by the automobile, it is disclosed by the answers to interrogatories that she did not look for the approach of vehicles, but this fact of itself can not preclude a recovery as a matter of law."

It is our opinion, therefore, that the answers to the interrogatories do not show the appellee guilty of contributory negligence as a matter of law and the court did not err in overruling the appellants' motions for judgment on the answers thereto.

The second assignment of error relied on for reversal is alleged error in overruling appellants' mo-

tions for new trial. The appellants' first contention under this assignment is that the damages assessed by the jury were excessive. Appellants insist that this is true for the reason that the appellee was guilty of contributory negligence as shown by the evidence. Contributory negligence which bars recovery is usually discussed in support of a contention that the verdict of the jury is not sustained by sufficient evidence or is contrary to law. If it can be considered at all under the assignment that the damages are excessive, the rule is well established that:

> "Contributory negligence, or the want of reasonable care, is usually a mixed question of law and fact; it is only when the facts are undisputed, and the inferences to be drawn therefrom lead to but one conclusion that it becomes a question of law. Where the facts are in conflict, or of such a character that reasonable minds may draw different inferences from them, then the question is one of fact to be determined by the jury. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N.E. 500; *Indianapolis Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N.E. 334." *C. & E. I. R. R. Co.* v. *Gilbert* (1935), 100 Ind. App. 365, 367, 194 N.E. 186.

It is our opinion that this question was properly submitted to the jury and the jury having found against the appellants on this contention, this court cannot say as a matter of law that there was no evidence to warrant such finding.

As to the nature of the injury, the evidence discloses that the appellee suffered a comminuted fracture of both bones of the right leg between the ankle and the knee; that he was in the hospital for nearly two months and was compelled to wear a cast on said limb for several months; that the

leg has been shortened one and one-half (1½) inches, and that at the time of the trial said limb was still swollen and painful; that he was unable to work for nearly eight months. We cannot say as a matter of law that damages in the amount of $4550.00 were so excessive as to lead us to conclude that the jury was motivated by partiality and prejudice.

The appellants claim that there was error in the court's instruction No. 3 which informed the jury that the burden was on the plaintiff to prove by a fair preponderance of the evidence "the material allegations of his complaint". They contend that this instruction makes no reference to the material allegations of negligence and since it lacks this essential element, it is erroneous. It is our opinion that this instruction could not be harmful to the appellants. If it is subject to any criticism, it would be open to the objection that it required the appellee to prove all the material allegations of his complaint including all of the allegations of negligence. It is well established that the appellee is required to prove only one of the separate acts of negligence charged in his complaint in addition to proof of other facts necessary to entitle him to recover. It is our opinion that the instruction, if in any degree erroneous, was at least harmless to the appellant.

Complaint is made of many other instructions given by the court but we believe it could serve no good purpose to discuss them separately in this opinion. These criticisms consist largely of verbal niceties but after a careful reading of all of the instructions given, it is our opinion that the jury was not misled thereby. These instructions taken in their entirety fairly informed the jury as to the law applicable to the issues before them and it does not ap-

pear to us that an erroneous verdict was returned. *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N.E. (2d) 649, 9 N.E. (2d) 107; *Mishler* v. *Chicago, etc., Co.* (1919), 188 Ind. 189, 122 N.E. 657.

The judgment of the lower court is accordingly affirmed.