## OLIVER *v.* COFFMAN.

[No. 16;904.   Filed December 22, 1942.]

510

*Robert F. Murray* and *L. A. Guthrie,* both of Muncie, for appellant.

*Clarence E. Benadum* and *Archie Lapin,* both of Muncie, for appellee.

BEDWELL, J.—The appellee, Irvin Coffman, brought this action against the appellant, Arthur Oliver, to recover damages for personal injuries alleged to have been suffered because of appellant's negligence. There was a trial by jury which returned a verdict against appellant in the amount of $3,500, and he has appealed from the judgment thereon.

The complaint of appellee alleged, in substance, that on the 1st day of June, 1939, there existed in Delaware County, Indiana, one mile west of a point and place known as "Cross Roads," an intersection of two public gravel roads, one of which extended in a northern and southern direction, was approximately twenty (20) feet in width and was known as "Helvie Road"; while the other extended in an eastern and western direction, was approximately 'twenty (20) feet in width, and was known as the "Brandon Road."

It further alleged, in substance, that on such date at about 7:30 o'clock p. m., the appellee was driving a Ford automobile in a southern direction toward such intersection, at a rate of speed of twenty (20) miles per hour; that as he approached the same he stopped and looked to the east and the west for approaching vehicles, but observed none; that he then proceeded to pass over such intersection and drove his automobile in a southern direction to a point two-thirds the distance across the intersection, when the appellant then and there drove a Dodge truck, at a rate of speed of 40 miles per hour, in an eastern direction, over a small hill, and then and there carelessly and negligently drove such truck against the right rear wheel of appellee's automobile, damaging the same and injuring appellee in described particulars.

The complaint contained four charges or specifications of negligence in which the appellant was charged with carelessly, negligently, wrongfully and unlawfully, (1) failing to accord the right of way across the intersection to appellee's automobile when the same had reached the intersection before the truck of appellant; (2) driving the truck into the intersection at a high and dangerous rate of speed of forty (40) miles per hour under the conditions then and there existing; (3) operating a truck in such a way and manner as to endanger the lives and limbs of persons using the public roads and highways at such time and place; and (4) failing to stop the truck when appellant saw, or by the exercise of reasonable care should have seen, that a collision with the automobile of appellee was imminent.

Appellant's first claim of error is in the overruling of his motion to strike out parts of such complaint. The particular portions thereof thus sought to be elim-

inated were the specifications of negligence and a clause descriptive of the condition of the appellee as a result of his injuries. The reasons ascribed in the memorandum of the motion were that the allegations in question stated conclusions of law instead of facts.

It is one of the fundamental principles of pleading that ultimate issuable facts, instead of evidentiary facts and conclusions of law, should be pleaded. *Outing Kumfy-Kab Co.* v. *Ivey* (1920), 74 Ind. App. 286, 125 N. E. 234; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 135 N. E. 481; *Brown* v. *Freudenberg* (1939), 106 Ind. App. 692, 17 N. E. (2d) 865; *Martin* v. *Youngblood* (1937), 211 Ind. 647, 7 N. E. (2d) 997.

An ultimate fact is the final or resultant fact that has been reached, by the processes of logical reasoning, from the detailed or probative facts. 41 Am. Jur., Pleading, § 7, p. 292. A "conclusion of fact" is quite often indistinguishable from an ultimate issuable fact; it is a conclusion of fact reached by reasoning from detailed or probative facts. See *Zuniga* v. *Evans* (1935), 87 Utah 198, 48 P. (2d) 513, 101 A. L. R. 532.

While numerous decisions of this and the Supreme Court declare that ultimate issuable facts and not evidentiary facts should be stated in a pleading, other decisions of both courts, state, and the statute provides, that a motion may be made that the pleader be required to state the facts necessary to sustain the conclusion alleged, where a "conclusion of fact" is pleaded. § 2-1005, Burns' 1933; *State ex rel. Dept. of Financial Institutions* v. *Hardy* (1941), 218 Ind. 79, 30 N. E. (2d) 974; *Central Bank, etc.* v. *Martin* (1919), 70 Ind. App. 387, 121 N. E. 57.

This is confusing to the pleader, and to the trial court when it is required to rule upon motions to strike out or make more specific. While conclusions of law, ordinarily, should not be pleaded and will be disregarded, if pleaded (*Tecumseh, etc., Mining Co. v. Buck, supra; Union Traction Co. v. Ross, Rec.* [1919], 71 Ind. App. 473, 125 N. E. 72), conclusions of law are pleadable in certain cases, and it is permissible to plead anything which according to the common and ordinary use of language amounts to a mixed statement of fact and of a legal conclusion. An allegation of negligence is such. 41 Am. Jur., Pleading, § 17, p. 302. An averment that a thing was negligently, or carelessly, or recklessly, or wilfully, or wantonly, or intentionally done is considered an averment of an ultimate fact. *Pittsburgh, etc., R. Co. v. Nichols, Admr.* (1922), 78 Ind. App. 361, 381, 130 N. E. 546; 38 Am. Jur., Negligence, § 261, p. 951.

The line of demarcation between "ultimate facts" or "conclusions of fact," and "conclusions of law," is quite often shadowy and indistinct, and it is difficult, if not impossible, to formulate a definition that will distinguish a conclusion of law from a conclusion of fact or from an ultimate fact. Sometimes an allegation which ordinarily would be considered an allegation of fact will be regarded as a legal conclusion when based upon other allegations. An example is an allegation of the ownership of specific property. While considered an ultimate fact, if standing alone, it will be considered a conclusion of law where the pleader sets forth a claim of title, and upon the claim so pleaded alleges ownership. *Wagner v. Law* (1892), 3 Wash. 500, 28 P. 1109, 15 L. R. A. 784.

So, in an action, where an attempt is being made to strike a material allegation from a pleading upon the

ground that it states a legal conclusion, the motion should not be sustained when any doubt exists as to the nature of the allegation. If it is an immaterial allegation, that is surplusage, it may, within the discretion of the trial court, be sustained. The charges of negligence and the allegations stating the condition of appellee before and after his injury were material allegations, and were allegations of ultimate facts. The trial court, properly, overruled appellant's motion to strike out the same. If the motion had been improperly overruled, the action of the trial court would not have constituted reversible error.

Error on appeal cannot be predicated upon the action of a trial court in overruling a motion to strike out a part or all of a pleading. *Guenther* v. *Jackson* (1920), 73 Ind. App. 162, 126 N. E. 873; *London & Lancashire Indemnity Co.* v. *Community Savings & Loan Assn.* (1936), 102 Ind. App. 665, 670, 4 N. E. (2d) 688; *Lindley* v. *Sink* (1940), 218 Ind. 1, 6, 30 N. E. (2d) 456.

Appellant next claims that the trial court erred in refusing to sustain his motion to make the complaint more specific. One of the charges of negligence set forth that the appellant negligently, wrongfully, and unlawfully drove his truck over a small hill into and upon the intersection of the two highways at a high and dangerous rate of speed, to wit: forty miles per hour. Appellant by his motion sought additional facts to show that the speed of forty miles per hour at such time and place was unlawful or negligent. The complaint sets forth details concerning the time, place, and scene of the collision with a description of the acts of appellant and appellee just before and at the time of the collision.

Rulings on motion to make a complaint more specific

are largely within the discretion of the trial court and its decision will not be reversed on appeal in the absence of a showing of abuse of discretion. *Atkinson* v. *Davis* (1938), 105 Ind. App. 375, 379, 13 N. E. (2d) 355; *Hill* v. *Boggs* (1934), 98 Ind. App. 506, 509, 185 N. E. 300; *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 40, 128 N. E. 401.

A motion to make a pleading more specific is properly filed when the pleading to which the motion is addressed is not sufficiently definite to enable the adverse party to intelligently prepare his responsive pleadings or to, with certainty, prepare the case for trial. Such a motion does not lie (1) when it seeks to compel the pleading of evidentiary facts (*State Board of Tax Comm.* v. *McDaniel* [1928], 199 Ind. 708, 160 N. E. 347) ; (2) when it calls for the pleading of facts which are peculiarly within the knowledge of the movant (*Rock Oil Co.* v. *Brumbaugh* [1915], 59 Ind. App. 640, 646, 108 N. E. 260) ; or (3) when it is addressed to an allegation that is surplusage (*Knox* v. *Trafalet* [1884], 94 Ind. 346).

It is appellant's contention that the allegations in question stated a conclusion of law. If such were true, it had no place in the complaint, added nothing to it and might be ignored (*State ex rel. Dept. of Financial Institutions* v. *Hardy, supra*). It could not be error to overrule a motion to make more specific an immaterial allegation.

We do not think that the allegation, considered in its entirety, stated a legal conclusion. While an averment that an action was "unlawful" or "wrongful" is a mere legal conclusion (*Coburn* v. *New Telephone Co.* [1901], 156 Ind. 90, 59 N. E. 324, 52 L. R. A.), an allegation that it was carelessly, negli-

gently or intentionally done states an ultimate fact. *Pittsburgh, etc., R. Co.* v. *Nichols, Admr., supra.*

The description of appellant's manner of driving his truck as being "unlawful and wrongful" added nothing to the statement that the driving was "negligent." The allegation in question, when considered with the other allegations of the complaint, was sufficiently definite and furnished appellant with sufficient information of the claim of his opponent, to adequately prepare and present his case. We think this should be the test that should be applied by the trial court in considering its rulings upon a motion to make an allegation more specific, rather than trying to determine whether the allegations stated a conclusion of fact or law, or an ultimate fact.

Appellant claims that the trial court erred in overruling his demurrer to the complaint and that the complaint was insufficient because it affirmatively showed negligence of the appellee and that such negligence proximately contributed to his alleged injuries. We find nothing in the complaint to justify appellant's contention. One claim is that the complaint does not show that the appellee looked to the east and to the west as he approached the intersecting highway at a place where he could see along such intersecting highway. It was not necessary for appellee to allege facts to show that he was without fault or in the exercise of ordinary care.

Under the statute (§ 2-1025, Burns' 1933) in an action for damages based upon negligence that has caused personal injury or death, it is not necessary for the plaintiff to allege or prove the want of contributory negligence on the part of the plaintiff or on the part of the person for whose injury or death the action may be brought. *New Castle Bridge*

*Co.* v. *Doty* (1907), 168 Ind. 259, 79 N. E. 485; *Lindley* v. *Sink, supra.*

Another contention is that the complaint affirmatively showed that the appellee attempted ·to pass over the intersection in front of the appellant's automobile which was approaching from the appellee's right so closely as to constitute an immediate hazard, and that the complaint affirmatively alleged that the automobile driven by the appellee and the automobile driven by the appellant entered the intersection of the two highways at approximately the same time. The allegations of the complaint, heretofore set forth, show that appellee was in the intersection when appellant approached, and there is no allegation that indicates that appellee negligently attempted to pass over the intersection in front of appellant's approaching automobile.

The appellant submitted thirty-seven (37) interrogatories to be answered by the jury, and he claims that the trial court erred in overruling his motion for judgment on the answers thereto, notwithstanding the general verdict. In considering such motion, every reasonable presumption is indulged in favor of the general verdict which will not be overthrown, unless the conflict between ·the answers to interrogatories and the general verdict is so irreconcilable as not to be removable by any evidence legitimately admissible under the issues. In ruling upon such a motion the court will look only to the pleadings in the case, the general verdict and the answers to the interrogatories. The general verdict finds every material and issuable fact in favor of the prevailing party. It carries to its support all intendments, inferences and presumptions which may be drawn from any evidence admissible under the pleadings. *Inter State Motor*

*Freight System* v. *Henry* (1942), 111 Ind. App. 179, 38 N. E. (2d) 909.

The interrogatories and the answers thereto showed that there were obstructions to the view of the appellee, west, along the Brandon road, as the appellee approached the intersection, prior to the collision, and that there were obstructions to the view of appellant toward the north, and along the Helvie road, as appellant approached the intersection; that the appellee slowed the speed of his automobile as he approached the intersection, but that he did not give any signal with a bell, horn or other device for signaling, of his approach; that the appellee saw the appellant's automobile on the Brandon road when the front wheels of appellee's automobile were just past the center line of the Brandon road, and when the appellant's automobile was four (4) or five (5) rods west of the intersection; that the appellee attempted to drive over the Brandon road in front of the automobile that the appellant was driving; that at that time appellee's automobile was traveling from five (5) to ten (10) miles per hour and was in low gear, but that it could not be stopped immediately, and that appellee could not have avoided the collision after he first saw the automobile driven by appellant, by the use of reasonable care, nor could the appellee have stopped his automobile in time to have avoided the collision after he first saw the automobile driven by appellant. These interrogatories and answers further disclose that the appellant was driving his automobile at a speed of from fifteen (15) to twenty (20) miles per hour just before the collision; that the pavement was slick; that it was raining at the time; that the intersection was paved with paving material containing tar; that the appellant did not see the automobile of appellee prior to the collision; that

the appellant did not look to his left prior to entering the intersection; that the automobile of appellant did not enter the intersection prior to the automobile of the appellee; that both parties were familiar with the intersection.

Under the legal rules heretofore mentioned, we find nothing in the interrogatories and answers thereto that would justify a judgment on such answers, notwithstanding the general verdict. In our opinion, the effect of the interrogatories and answers is to support the general verdict. It is true that an inference might be drawn that appellee violated the statute (§ 47-513, Burns' 1933), which required the operator of a motor vehicle, upon approaching an intersecting highway, where his view was obstructed, to slow down and give a timely signal with a bell, horn or other device for signaling, but there was nothing in the answers to the interrogatories which showed that such omission contributed to the injury of appellee. Under the issues made by the pleadings, evidence was admissible to show that appellant's hearing was such, or physical conditions were such, that appellant would not have given heed to a signal, if one had been given.

Under the rule that all intendments, inferences and presumptions, which may be drawn from any evidence admissible under the pleadings, supports the general verdict, a general verdict for the plaintiff in a negligence action would not be overthrown by answers to interrogatories that established negligence on the part of the plaintiff, unless such answers also established that such negligence contributed to the injuries for which plaintiff sought to recover.

Appellant also attacks the sufficiency of the evidence to support the verdict of the jury and contends that

the evidence showed that the appellee was guilty of contributory negligence as a matter of law.

The only witnesses that testified as to what happened just prior to and at the time of the collision were appellant and appellee. Their testimony was in sharp conflict, but evidently the jury believed the appellee. This is disclosed not only by the general verdict but by answers to interrogatories. Whether appellant was guilty of negligence that proximately caused the injury of appellee, or whether appellee was guilty of negligence which contributed to his injury, were peculiarly questions of fact to be determined from the weighing of conflicting evidence. No situation exists where this court could declare that the evidence, without conflict, disclosed that the appellee was negligent, and that his negligence contributed to his injury.

Appellant also attacks the giving by the court to the jury of Instruction No. 9, which was as follows:

"The jury are instructed that every driver of an automobile at a highway crossing has the right of way over any other driver approaching him on the left. The possession of the right of way by a driver over another driver approaching from the left on an intersecting highway does not, however, justify the possessor in plunging ahead, regardless of consequences, nor justify or excuse his failure to use ordinary care to avoid injury to others. Even though a person has the right of way at an intersection, he is still obligated to exercise ordinary care for the safety of himself and others."

Appellant's objection to such instruction is that it assumed that the appellant was plunging ahead regardless of consequences, and that it was an invasion of the province of the jury.

The appellee testified that when he had the front wheels of his automobile in the center of the inter-

section he looked to the west and saw an automobile about three rods from him; that it was coming fifty (50) miles per hour. He further testified that after the collision he talked to the appellant, and appellant said he was looking to the south and that he didn't know there was a machine in ten (10) miles of him when he hit the appellee. Such instruction was applicable to the evidence and it was a correct statement of the law. It is not subject to the criticism that the court assumed that the appellant plunged ahead, regardless of consequences.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 45 N. E. (2d) 351.