## LATSHAW *v.* McCARTER ET AL.

[No. 11,477. Filed December 20, 1922. Rehearing denied May 10, 1923.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Identity of Employer.—Determination by Industrial Board.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), claimant, the driver of a team used in road work, *held* an employee of the owner of the team, and not of the road contractor who hired the team with the driver furnished.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Albert McCarter against Scott Latshaw and others. From an adverse finding, the named defendant appeals. *Affirmed.*

*Ewing R. Emison, William S. Hoover* and *Hays & Hays,* for appellant.

*White, Wright & McKay* and *John A. Ramsey,* for appellees.

McMAHAN, J.—Appellee Snapp was a contractor engaged in the construction of a county unit highway

under a contract with the commissioners of Knox county. Appellant was a farmer and the owner of two teams of horses. He made arrangements with Snapp and placed his two teams at work on the road, he, appellant, to furnish a driver for each team and to receive eighty cents an hour as compensation for each team and driver. Appellant employed men to drive his teams and paid each of them $2 a day and board. One of the men so employed by appellant to drive his teams, a brother of the appellee McCarter not being able to work, the latter made arrangements with appellant to drive the team in place of his brother. While appellee McCarter was driving one of appellant's teams in connection with such road work he sustained an injury on account of being jerked by one of the horses he was driving. He filed his application with the Industrial Board making appellant defendant. Appellant filed an answer alleging that the plaintiff was at the time of the accident and injury an employe of Snapp and for that reason was not entitled to an award as against appellant. The application for compensation was afterwards amended by making Snapp and his insurance carrier defendants.

On final hearing before the board the parties entered into a stipulation agreeing on everything except who was the employer. Under this agreement the only question of fact submitted to the Industrial Board was who was the employer of the injured driver at the time of the accident. The board found that appellant was the employer and made an award accordingly. From this award appellant appeals and contends that under the evidence the injured employe was as a matter of law the employe of Snapp and not of appellant. Appellant makes no claim that the men who were driving his teams were engaged in farm labor. Indeed the evidence is that they were employed to drive the teams while at

work on the road and not for the purpose of doing any work on the farm. Neither does appellant claim that appellee McCarter was a casual employe. The only question the Industrial Board was called upon to determine was, "Who was the employer?" The question presented to the board for determination was purely one of fact and we hold that the evidence is ample to sustain the award.

The award is therefore affirmed.