## BOARD OF COMMISSIONERS OF WELLS COUNTY *v.* MERRITT.

[No. 11,915. Filed May 14, 1924.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury to Workman Substituting for Another.—Not Compensable.*—An injury to a claimant was not compensable under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) where he was substituting for his brother, who was ill, without the knowledge of the employer, there being no relation of employer and employee.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Earl J. Merritt, claimant, opposed by the Board of Commissioners of Wells County. From an award of compensation for claimant, the defendant appeals. *Reversed.*

*Virgil M. Simmons,* for appellant.

*Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellee.

NICHOLS, J.—Action by appellee before the Industrial Board for compensation for personal injury which resulted in a finding in favor of appellee upon which there was an award.

Appellant prosecutes an appeal to this court, assigning as error that the award is contrary to law.

The undisputed facts upon which the finding and award rests, briefly stated, are as follows: On and prior to August 17, 1922, appellant, through its county highway superintendent for Wells County, was engaged in transporting gravel from a gravel pit to a public highway in the county in trucks owned and operated by the county for the purposes of repair. Prior to said date, one William Merritt, with others, was engaged as a laborer in loading gravel at said pit into said trucks for the purpose aforesaid. On August 16, 1922, said William Merritt requested appellee to work in his place at said gravel pit for the reason that he (William) was sick and not able to work. Pursuant to such request, on the morning of August 17, 1922, appellee commenced work at said gravel pit and worked for five hours, when he was injured by the hind wheel of one of the trucks passing over his foot. For this injury, he was awarded compensation as above set out. On said day, the superintendent of highways was not present at the place where appellee was working and no other agent of appellant was present. There was no overseer or boss representing appellant at said pit, and the laborers were working without anyone to superintend their labor. Appellant, its said superintendent, or any person representing appellant did not know that appellee was at said time working. William Merritt

filed a claim for his services, which included the five hours of labor performed by appellee. This claim was allowed and paid by the county. Appellee himself testified that he did not claim any wages except from his brother who paid him for the services rendered on that day. He testified that he had no boss' and that he received no orders from anyone.

The Workmen's Compensation Act, (§80201 *et seq.* Burns' Supp. 1921, Acts 1915 p. 392) contemplates that the relation of employer and employee exists. Clearly, in this case, there was no contract of service between an employer and employee, and no such relation existed at the time of the injury. Without such relation, there can be no compensation. The award is reversed.