CRAWFORDSVILLE TRUST COMPANY, ADMINISTRATOR, ET AL. *v.* BURKE ET AL.

[No. 12,896.   Filed June 9, 1927.   Rehearing denied October 25, 1927. Transfer denied June 26, 1931.]

*Charles C. McCabe, Foley & Foley* and *Frank G. Davidson,* for appellants.

*Williams & Murphy* and *Eugene M. Goodbar,* for appellees.

McMahan, J.—William Divine Davis and others filed their complaint to have the will of Grace Divine Law declared invalid and to have the probate thereof set aside on the ground of unsoundness of mind. A trial by jury resulted in a verdict and judgment in favor of the defendants sustaining the validity of the will. The named plaintiff having died after verdict, but before judgment, the administrator of his estate was substituted as a party plaintiff. Plaintiffs' motion for a new trial having been overruled, they appealed, and contend the court erred in overruling their objections to a question propounded on the cross-examination of their witness, Dr. Frank F. Hutchins, who, in answer to a hypothetical question propounded by the defendants, testified that, under the facts assumed in such question, Mrs. Law was of sound mind. This question assumed many facts, was quite lengthy, covering 30 pages of the record, and 20 pages of appellants' printed brief. Appellants objected to this question for the following reasons: (1) That it embodies facts not shown by the evidence; (2) it is long,

involved and contains statements that are not assumptions; (3) it invades the province of the jury; (4) the facts assumed are so exaggerated as to impair any opinion based thereon; and (5) "such assumption is manifestly calculated to mislead and confuse the witness and was outside the evidence or any fair inference to be drawn from the evidence."

In support of these contentions, appellants have stated five abstract legal propositions, all of which are correct statements of the law. No attempt has been made to apply any of them to the proposition under which they are stated by showing wherein the question asked the witness failed to measure up to the rules of law, so abstractly stated.

Appellees insist that appellants' brief is not sufficient to present any question for our consideration, and there is merit in this contention.

As heretofore stated, the only contention made by appellants on which they rely for a reversal relates to the action of the court in overruling their objections to a question asked Dr. Hutchins on cross-examination. More than 40 witnesses testified on the trial of this cause. The testimony covers more than 2,400 pages of the record yet the only evidence set out in appellants' brief is the direct and part of the cross-examination of Dr. Hutchins. The testimony of this witness as set out shows his qualification as an expert witness, and the hypothetical questions asked by appellants and appellees, with the answers of the witness to these two questions, together with the objections to the hypothetical question asked by appellees. After stating that the question on cross-examination was asked before appellants had introduced all their evidence, appellants' brief contains a statement to the effect that appellants have in their brief set out all of the "available" evidence bearing upon the question presented by this appeal. In reply to appellees' contention

that appellants have not made a sufficient statement of the evidence, but have failed to set out any of the testimony of the many witnesses who testified concerning facts bearing upon the condition of the mind of Mrs. Law, appellants, in their reply brief, say the statement made by them in their original brief to the effect that they had set out all of the evidence on the question involved will be taken as accurate unless appellees in their brief make the necessary corrections. They also call attention to a statement in that part of their brief devoted to argument where they state that "no evidence was ever offered or introduced to support" one of the facts assumed in appellees' hypothetical question, and insist that the burden of setting out the evidence to support appellees' hypothetical question shifted to appellees. Appellees assert that there was evidence tending to prove every fact assumed by them in the question propounded to the witness, and, while refusing to assume the burden of setting out the evidence, they, in addition to their statement that there was evidence tending to prove every assumed fact, have made a sufficient recital of the evidence to show there was some evidence to sustain some of the assumed facts.

The burden is on an appellant to show reversible error, and where, as in the instant case, an appellant fails to set out a statement of the evidence, and contents himself with the statement that he has set out all the "available" evidence and that there is no other evidence, and appellee replies that there is evidence to sustain the rulings of the court, and refuses to set out such evidence, but calls attention to the place in the record where such evidence can be found, or sets out part of such evidence, with a statement that other and sufficient evidence was introduced, we will not search the record in order to decide the conflicting claims of the

parties, but will hold that the appellant has failed to show reversible error. An appellant, by failing or refusing to make the necessary recital of the evidence, cannot compel an appellee to set out in his brief a recital of the evidence for the purpose of showing the court committed no error. Where an appellant has intentionally failed to set out a necessary part of the record, and it becomes necessary for the appellee to set out the omitted parts of the record, the costs may, under Rule 23 of this court, be taxed against the appellant.

Appellant's main contention is that their objections to the hypothetical question propounded by appellees should have been sustained, for the reason that ■ appellees read the will and codicil as a part of the hypothetical question. A sufficient answer to this contention is that the record fails to show that such objection was made to the question in the trial court.

No reversible error being shown, the judgment is affirmed.

Dausman, J., absent.

### ON PETITION FOR REHEARING.

McMAHAN, J.—Appellants have filed a petition for a rehearing, and insist we erred in our statement that the record fails to show they objected to the hypothetical question asked Dr. Hutchins on cross-examination, on the ground that appellees read the will and codicil to the witness as a part of the question. Appellants do not challenge our statement of the record as to the specific objections they made to the question or as to the condition of their brief, wherein they failed to present any question for our determination. In view of the fact that appellants' brief was not, under the rules of this court, sufficient to present any question for our determination, the petition for a rehearing is denied.

Dausman, J., absent.