LIEBER, EXECUTRIX, *v.* MESSICK.

[No. 13,929. Filed November 7, 1930. Rehearing denied March 4, 1931.]

*Bingham, Mendenhall & Bingham,* for appellant.
*Slaymaker, Merrell, Ward & Locke,* for appellee.

REMY, J.—George Middleton was employed by Robert Lieber to act as chauffeur for Lieber and his family during certain daylight hours of each day, for which services he was to, and did, receive a weekly wage. Middleton was also regularly employed by Edwin R. Klug as night foreman at the latter's garage, where his hours of employment were from 7 o'clock in the evening until 7 o'clock in the morning of the next day. Lieber was a patron of the Klug garage, in which the Lieber automobile was kept and cared for when not in use. Klug was carrying no employers' liability insurance, for which reason he directed his employees not to do chauffeur work for customers. During the day of

February 11, 1929, and while Middleton was working for Lieber, Lieber requested him to come to his home that evening with the Lieber automobile to take them to the theatre; and, in compliance with the request, Middleton, at about 8 o'clock, did go and take Lieber and his wife to the theatre, at which time Middleton was directed by Lieber to call for them "after the performance was over," and take them home. At the time fixed, and in compliance with Lieber's directions, Middleton started from the garage driving the Lieber car, and on the way ran into and damaged an automobile belonging to John Messick, appellee herein. Thereupon, Messick began this action against Lieber, Klug and Middleton, to recover damages sustained by their alleged negligence. A trial, at which the above facts were established by the evidence, resulted in a finding and judgment against Lieber only, from which this appeal is prosecuted by Lieber's legal representative, he having died before the appeal was perfected.

The sufficiency of the evidence to sustain the decision of the court is the only question presented, and the one question is whether, under the evidence, Middleton was the agent of Lieber at the time of the collision with the Messick automobile. It is urged by appellant that Middleton could not have been the employee and agent of Lieber at the time, for the reason that it was 10 o'clock at night, and was during that period of the day covered by Middleton's employment by Klug.

It is not the law, as assumed by appellant, that one in the general employment of another may not while so employed become the agent and be under the control of a third party. The well-considered case of *Kimball* v. *Cushman* (1869), 103 Mass. 194, 4 Am. Rep. 528, is in point. In that case, the action was by Cushman against Kimball for damages alleged to have been caused by the negligent act of Flem-

ing in riding Kimball's horse upon the public highway, it being alleged in the complaint that Fleming was the employee and agent of Kimball. The evidence showed that, at the time, Fleming, although in the general employment of a third person, was riding the horse on an errand for Kimball. In the course of its opinion the Supreme Court of Massachusetts made the following correct statement of the law as applied to the facts: "There was some evidence, competent to be submitted to the jury, and from which they might infer that, in the care and exercising of the horse, and in the main purpose for which he was out with the horse on the occasion in question, Charles H. Flanders was the servant of the defendant. It is not necessary that he should be shown to have been in the general employment of the defendant, nor that he should be under any special engagement of service to him, or entitled to receive compensation from him directly. It is enough that, at the time of the accident, he was in charge of the defendant's property by his assent and authority, engaged in his business, and, in respect to that property and business, under his control. *Wood* v. *Cobb*, 13 Allen 58. The fact that there is an intermediate party, in whose general employment the person, whose acts are in question, is engaged, does not prevent the principal from being held liable for the negligent conduct of the subagent or underservant, unless the relation of such intermediate party to the subject-matter of the business in which the underservant is engaged, be such as to give him exclusive control of the means and manner of its accomplishment and exclusive direction of the persons employed therefor." So, in the case at bar, Middleton, pursuant to directions from Lieber, was, at the time in question, in charge of and operating Lieber's car; in so doing, he was, under the facts, subject to the control of Lieber, and not under the control of Klug who had told his employees, including

Middleton, not to do any chauffeur work for any of the customers. The general and accepted test of one's liability for the act or omission of his alleged servant is his right and power to direct and control his imputed agent in the performance of the causal act or omission at the very instant of the act of neglect. *Standard Oil Co.* v. *Parkinson* (1907), 152 Fed. 681. We hold that, at the time of the collision which resulted in the damages to appellee's car, Middleton, the driver of the other car, was under the control and direction of Lieber, and that the decision of the court is sustained by the evidence.

In support of the conclusion reached, and in addition to authorities cited, see *Jimmo* v. *Frick* (1917), 255 Pa. St. 353, 99 Atl. 1005.

Affirmed.