CENTRAL METAL FORMS COMPANY *v.* MOLIN ET AL.

[No. 14,305. Filed July 1, 1931.]

*Herman L. McCray, E. J. Boleman, Burrell Wright* and *Jacob S. White,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Albert Ward,. Theodore L. Locke* and *James V. Donadio,* for appellee.

NEAL, C. J.—This is an appeal from an award of the Industrial Board allowing appellee Molin compensation for personal injuries sustained as a result of an accident occurring while Molin was engaged in unloading a concrete mixer for appellee Hunkin-Conkey Construction Company. The Central Metal Forms Company and Hunkin-Conkey Construction Company were both made defendants, each defending on the ground that Molin was in the employ of the other at the time of the accident. From the award allowing compensation as against the Central Metal Forms Company and a finding in favor of Hunkin-Conkey Construction Company, the former appealed, assigning as error that the award is not sustained by sufficient evidence and is contrary to law.

The board found that the Central Metal Forms Company and Hunkin-Conkey Construction Company were building contractors and were engaged in constructing a building in the city of Indianapolis, Indiana, each contractor to perform different service with reference to furnishing separate classes of material and service in the construction of the building; that Molin was employed by the Central Metal Forms Company, as its foreman, to perform services which were to be done under its contract; that the Hunkin-Conkey Construction Company brought a concrete mixer to the building, to be used by

its employees pursuant to its contract, but the employees of Hunkin-Conkey Construction Company, for immaterial reasons, could not unload the concrete mixer; that, by agreement between superintendents of the companies, Molin was directed by his superintendent (superintendent of Central Metal Forms Company) to assist in unloading the mixer for and on behalf of the Hunkin-Conkey Construction Company, and, while so engaged, he received injuries; that Molin was paid for his services while unloading the mixer by the Central Metal Forms Company, which company was afterwards reimbursed therefor by Hunkin-Conkey Construction Company; that, at the time of the accident, Molin was in the employ solely of the Central Metal Forms Company, and the injury was the result of an accident arising out of and in the course of his employment. On this finding, the board awarded compensation against the Central Metal Forms Company.

Appellant contends that, at the time of the accident, Molin was performing a special service for the appellee Hunkin-Conkey Construction Company under an implied contract of hire, citing cases supporting liability in such instances, and insists that such is the evidence in this case. We do not so agree. On the contrary, the evidence favorable to the award shows that Molin never ceased to be a servant of Central Metal Forms Company; that the Hunkin-Conkey Construction Company never attempted to order or direct Molin in his work, but that Schubert (superintendent for the Central Metal Forms Company) was Molin's superior, and, as Molin said, "He was my superior and my boss, he ordered me to unload that steel." The evidence further shows that Molin looked to Central Metal Forms Company for his pay, and that "I got my money from Schubert, I was never paid by anyone else"; that there was no arrangement between Molin and Hunkin-Conkey Construction

Company about any pay or wages for such work, but that there was an arrangement between the two companies whereby the Central Metal Forms Company should bill the Hunkin-Conkey Construction Company for the amount of wages paid by Central Metal Forms Company on account of such payment of wages.

We agree with appellees that the above facts show Molin to have been an employee of Central Metal Forms Company and that he had not stepped aside from his employment with that company and entered the employment of Hunkin-Conkey Construction Company. There is no showing that there was an intention to enter into a contract of hire with Hunkin-Conkey Construction Company, but rather, it appears that Molin never left the employ of Central Metal Forms Company, and, at all times, remained under its direction and control. See *Stacey Bros., etc., Co.* v. *Industrial Accident Comm.* (1925), 197 Cal. 164, 239 Pac. 1072; *Murray* v. *Union R. Co.* (1920), 229 N. Y. 110, 127 N. E. 907; *Gagnon's Case* (1925), 125 Me. 16, 130 Atl. 82; *Board, etc.,* v. *Merritt* (1924), 81 Ind. App. 488, 143 N. E. 711; *Latshaw* v. *McCarter* (1922), 79 Ind. App. 623, 137 N. E. 565; *Rongo* v. *Waddington & Sons* (1915), 87 N. J. Law 395, 94 Atl. 408.

There being ample evidence to sustain the award of the Industrial Board, the award must be, and is hereby, affirmed, and increased 10 per cent.