STINSON *v.* ANDERSON KNIFE AND BAR COMPANY.

[No. 14,511.   Filed February 5, 1932.]

*Busby & Davisson,* for appellant.

*Bracken, Gray & Defur,* for appellee.

KIME, J.—This is an appeal from an award of the full Industrial Board of Indiana, made and entered on

September 18, 1931, denying compensation in a proceeding brought by appellant under the provisions of the Indiana Workmen's Compensation Act of 1915, as amended, in which appellant claimed compensation on account of personal injuries alleged to have been received while in the employ of appellee on or *about* March 15, 1929.

The primary question before the board was whether or not appellant received an injury by accident which arose out of and in the course of the employment.

The board made the following finding: "The Full Industrial Board having heard the argument of counsel and having reviewed the evidence and being thereby duly advised in the premises, finds: that the personal injury alleged in plaintiff's application for adjustment of compensation, filed herein on October 20, 1930, was not the result of an accident arising out of and in the course of his employment by the defendant, *but was due to other causes,* and the finding on said application should be for the defendant." (Our italics.)

The statute, §9505 Burns 1926 (Acts 1915, as amended, Acts 1917 p. 154), as applicable, is as follows: "The full board . . . shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable, and shall make an award and file same *with a finding of the facts on which it is based,* and the rulings of law by the full board, if any," etc. (Our italics.)

There is sufficient competent evidence to sustain the finding of the board that "the personal injury . . . was not the result of an accident arising out of and in the course of his employment." That is the *fact* found, and the only fact necessary to be found, if they found it to be a fact upon competent evidence. However, here the board goes further and adds these words "but was due to other causes." This

phrase has no place in a finding of facts upon which an award in favor of the employer is based. When they find the fact to be that the injury was not the result of an accident arising out of and in the course of the employment, and there is competent evidence to sustain that finding, anything else that may be added is surplusage and does not add anything of value, nor has it any place therein, and should be disregarded.

The appellant contends that, in the hearing before the individual member, certain testimony was not heard. It is not shown that any attempt was made to introduce this evidence at the hearing before the full board as contemplated by the act. However, even though this proposed evidence had been admitted, there was still sufficient competent evidence to sustain the action of the board.

This court cannot and will not weigh conflicting competent evidence. That is for the Industrial Board alone. Its finding, when so grounded, is the end of the dispute, and cannot be changed here.

The award of the Industrial Board is not contrary to law, and must be affirmed.