Plaintiff brought suit for compensation, alleging that he was totally disabled as the result of injuries suffered while in the employ of the defendants.
It is shown that the defendants, S.D. Peterson and Chester Johnson, were operating a saw mill under a partnership agreement. The mill was the property of Johnson, who operated the same, while Peterson furnished the logs for milling, and the agreement provided for a division of profits of 60% to Peterson and 40% to Johnson.
Peterson was in entire charge of the logging operations, which he superintended himself, and, so far as is disclosed by the record, he was the only person in whom was vested any authority to employ and discharge laborers engaged in the logging operations which were under his exclusive control.
In Peterson's employ on or about the 17th day of May, 1943, was one Robert Gentry, who was a timber cutter. Plaintiff, Edward C. Gentry, claims that early in the morning of the 18th day of May, 1943, he reported to the mill and went with the timber crew to the woods, for the purpose of substituting in the place of his brother, who was laying off from work that day for the purpose of working his garden. It is plaintiff's contention that this substitution was made not only with the knowledge of defendant, Peterson, but with his specific approval, and, in effect, through his direct employment of plaintiff's services for the day's work.
Early in the afternoon of May 18th, in company with Ed Cole, a negro employee, while cutting a pine tree, plaintiff was caught by a branch of the falling tree and sustained serious injuries to his chest.
Peterson was notified of the accident at the mill and immediately proceeded to the *Page 624 
woods where, with the assistance of a truck driver in his employ, he placed plaintiff in a truck and took him to the hospital for treatment. Plaintiff was confined in the hospital for a period of some five weeks, after which he was returned to his home, and there he remained in bed for an additional period of several weeks. In this suit, plaintiff claims compensation for total permanent disability for 400 weeks, and, in the alternative, for payment of compensation for total disability over a period of 30 weeks, and partial disability for a period of 300 weeks.
After trial there was judgment in favor of defendants rejecting plaintiff's demands, from which judgment plaintiff prosecutes this appeal.
Upon the basis of the above facts, it is apparent that if plaintiff was actually employed by the defendant, Peterson, there remains no question as to his right to compensation.
A careful examination of the record convinces us that there was no contract of employment or hiring, verbal or written, express or implied, between the defendant, Peterson, and the plaintiff, Edward C. Gentry. Despite plaintiff's effort to make out a consistent and credible story of employment by Peterson, in which attempt he principally relied upon the testimony of Robert Gentry, who quite actively assisted in preparing and presenting his brother's case, we find that the testimony clearly preponderates in favor of the defendant, Peterson. It is evident that this conclusion was reached by the learned Judge of the District Court, who rendered judgment rejecting plaintiff's demands. We see no error in this conclusion, and find, as a fact, that plaintiff was not employed by either of the defendants.
The sole question that remains, therefore, concerns the status of one who substitutes for a regular employee, and, while actually performing work in the interest of the employer's business, sustains injury. We do not find that this question has been squarely determined in any of the jurisprudence of this State, bearing upon workmen's compensation cases.
In the case of Rooney v. Overseas Ry., Inc., et al.,173 La. 183, 136 So. 486, before the Supreme Court on a writ of review of a judgment of the Court of Appeal for the Parish of Orleans, the Court stated that plaintiff, Rooney, could have become the employee of defendants only by a contract of hiring, verbal, written or implied, under the provisions of Section 3 of Act No. 20 of 1914, as amended by Act No. 85 of 1926. While the facts of the case cited have no bearing upon the matter before us, the principle enunciated, as above set forth, is pertinent.
An extensive examination of authorities bearing upon this point reveals that there have been few cases in which the facts have necessitated a consideration of this question.
In 80 A.L.R. 523, we find the following general expression of a rule which has been established in some jurisdictions, as follows:
"In deciding whether or not a helper, assistant, or substitute for an employee, was himself an employee within the meaning of workman's compensation acts, some courts have laid down the general principle that the existence of the relationship of employer and employee depends upon a contract of employment."
The above rule is supported by a number of cases, examination of which discloses that in cases concerned with a substitute employee courts have uniformly refused recovery under workman's compensation statutes, unless it was established by the facts of the cases that the substitution was made with the knowledge, consent or acquiescence of the employer, or some authorized agent. It would seem, therefore, that the requirement of an actual contract of employment, either express or implied, has been broadened to include mere knowledge of the substitution on the part of the employer or one of his authorized agents. The courts have construed such knowledge to imply an acquiescence or consent, which would be accepted in lieu of an actual agreement of employment.
Following the line of reasoning established by this conclusion, in the instant case we would be inclined to hold for plaintiff if he had shown that Peterson had any knowledge of the fact that he was actually working in the place of his brother at the time the accident occurred. This fact, however, plaintiff has failed to establish. There is no contention on behalf of plaintiff that he was employed by any agent, and his claim, therefore, must rest solely upon either an actual employment by Peterson, either express or implied, or knowledge on the part of Peterson which evidenced his acceptance or acquiescence in the substitution.
Even as we are convinced that there was never any actual employment, so are we *Page 625 
convinced, as a fact, that Peterson had no knowledge prior to the accident that plaintiff was working.
The case of Board of Commissioners of Wells County v. Merritt,81 Ind. App. 488, 143 N.E. 711, decided by the Appellate Court of Indiana, comprehended facts strangely similar to those involved in the case before us. One William Merritt, an employee of Wells County, engaged as a laborer in loading gravel, requested his brother, Earl Merritt, to work in his place on a certain date, for the reason that he, William, was unable to work on account of illness. The brother began work the next morning, and, after laboring for about five hours, was injured by one of the loading trucks which ran over his foot. It was shown that the superintendent of highways, who had charge of the project, was not present at the place where Earl Merritt was injured on the day of the accident, nor was any other agent of the County there present. There was no overseer nor foreman representing the County at the gravel pit, and the laborers were working without anyone to superintend their labor. Compensation was allowed the claimant by the Industrial Commission, but the award was set aside by the Appellate Court on the ground that there was no contract of service between an employer and an employee, and, since no such relationship existed at the time of the injury, there could be no compensation.
In our opinion, the reasoning of the Court in the above cited case is sound. To broaden the rule with regard to employment to such extent as would bring the plaintiff in the case before us within the purview of the Workman's Compensation Statute, Act No. 20 of 1914, would be to open the way to gross injustices against employers. Any casual or itinerant wanderer, equipped with axe or saw, might intrude himself into logging operations without knowledge on the part of the operator or his authorized agents, superintendents or foremen, and, being injured, claim compensation simply upon the ground that he was actually engaged in performing labor in the interest of the employer.
It is our conclusion that plaintiff, having failed to show any employment, and, indeed, any knowledge on the part of the employer, must be regarded simply in the light of a "volunteer." Plaintiff could not occupy the status of an employee in the absence of some contract or agreement of employment; he cannot claim the status of an employee through the knowledge or consent of the employer; nor can he substantiate his status as an employee simply by proof that he was a substitute for a regular employee.
For the reasons assigned, the judgment appealed from is affirmed.