BELL *v.* GOODY, GOODY PRODUCTS COMPANY

[No. 17,400.   Filed October 22, 1945.]

182

*Henry J. Richardson* and *Rufus C. Kuykendall*, both of Indianapolis, for appellant.

*Ralph B. Gregg* and *Edward J. Fillenwarth*, both of Indianapolis, for Appellee.

CRUMPACKER, P. J.—The appellant's claim for compensation under the provisions of the Indiana Workmen's Compensation Act was denied after a hearing before the full Industrial Board and the case is now before us upon an assignment of errors which, in purport, charges (1) that the award is contrary to law, and (2) that the award is contrary to the evidence. The latter assignment presents no question as it has long been settled law in this state that where a judgment is negative an examination into the sufficiency of the evidence to sustain the finding upon which such judgment rests can avail the appellant nothing. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905. We said in *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. (2d) 728: "The reason for this rule is obvious as a verdict unfavorable to the party having the burden of proof does not rest upon the persuasiveness or *quantum* of the evidence against him but rather upon his failure to sustain the burden of establishing his own case by a preponderance of the evidence."

The major question presented by the first assignment is whether the evidence in support of the appellant's claim is so conclusive in character that a finding against him could have been arrived at only through the exercise of improper considerations. Our decision on this question rests upon the application of one or the other of two principles of law which have become ingrained in our jurisprudence. If the substantial evidence in this case is conflicting it was within the exclusive province of the Industrial Board to determine with whom the truth lay and its finding in that respect cannot be disturbed. On the other hand if such evidence is wholly in favor of the appellant and is undisputed

and complete in all essentials necessary to recovery, the Industrial Board had no right to disregard it through prejudice or mere caprice and, under such circumstances, its award will be set aside.

It was stipulated by the parties that the appellant was in the employ of the appellee from June 25, 1943, to July 5, 1943, at an average weekly wage of $18.75. Appellant testified in substance that on July 1, 1943, while in the course of his employment, he was riding on a truck which was being used to transfer barrels of vinegar from one part of the appellee's plant to another. That upon reaching its destination the truck was backed up an incline whereupon one of said barrels of vinegar, weighing 500 pounds, was turned over against his left leg, striking it on the shin bone and crushing it against another barrel. That when a small boy, he had suffered a severe burn on his left shin which, on healing, had left a large scar and that by reason of his leg being so caught between the two barrels this scar tissue was bruised and lacerated and eventually became ulcerated. That on January 3, 1945, the date of his testimony before the full Industrial Board, said ulcers were still open and running, his leg was weak and painful and he was unable to do steady work. One Archie Carter, another employee of the appellee, testified that he was present when the appellant was hurt; that he helped unload the vinegar barrels when the truck reached its destination and that he saw the accident. He described it substantially as did the appellant. Dr. Lawrence Lewis testified that he examined the appellant in August, 1944, and again on January 2, 1945. He found ulcers in the scar tissue over the left shin bone which, in his opinion, were of traumatic origin although on cross-examination he said that ulcers in scar tissue might develop inde-

pendent of trauma. He further testified that the appellant's left leg is partially disabled permanently.

There is no direct evidence in the record that the accident, described by the appellant, did not happen at the time and in the manner he said it did and his testimony in that respect is corroborated by that of the witness Carter. However, one Dalton D. Styer, a witness for the appellee, testified that he helped load the barrels on the truck in question and followed it closely on foot across the company's yard and when it reached its destination he helped unload it. He did not see any barrel roll or turn over against the appellant's leg nor did the appellant mention or complain about any such accident to him. On cross-examination, however, he made the following statement: "Excuse me. I think, to my recollection, I told Mr. Davis (the company's foreman) that fellow had skinned his leg. I think the left leg, on the calf of the leg." The witness further testified as to a conversation he had with the appellant the day before the alleged accident as follows: "Well, I will say this. The day before, Mr. Davis had me out dipping pickles out the platform and Mr. Davis and I were down doing something like we usually do and the pickles were getting down and Mr. Davis said to me, 'Pop'—they all call me that—'go out and see what that fellow is doing. There are no pickles coming in.' I goes out there and gets up on the platform and walks around where he is. I said, 'What's the matter? Can't you dip these pickles?' He says, 'Look what I got in the park last night.' I says, 'What?' He pulled up his trousers and a place looked like he had slid on the gravel. He said he had been on the merry-go-round and skinned his leg. It was his left leg. Well, in a day or two after that he showed it to me again, but he didn't show it to me the day we loaded the barrels. Then I said,

'Isaac, why don't you do something for that?' He said, 'Well, I thought I would show it to Mr. Davis and maybe he would do something.'" He further testified that the appellant's witness Carter was not working on the day of the alleged accident and was not on the appellee's premises when such accident is supposed to have occurred.

William E. Lucas, manager of a Hook Drugstore in Indianapolis, testified that he employed the appellant on May 10, 1943, as a porter and that he worked in the store in such capacity until June 2, 1943. During that time, the appellant showed the witness his left leg on which the witness noticed what he described as an "ulcerated condition" in the scar tissue over the shin. The appellant told him he got it when he bumped his shin on the cellar step.

On this state of the record we cannot say, as a matter of law, that the Industrial Board was in error in concluding that the appellant had not sustained the burden of proving that he suffered the accidental injury complained of and that the present pathological condition of his leg is the result thereof. It was within the Board's exclusive province to disbelieve the testimony of both the appellant and Carter provided it did so for legitimate reason and not through prejudice or mere caprice and, without crediting the testimony of either Carter or the appellant, there is nothing in the record upon which an award favorable to the appellant could have been based. That the Board did not believe these witnesses is evident and we cannot say that the record discloses no substantial reason for discrediting them. Our examination of the testimony, as we have set it out in resumé, leads us to conclude that there is a substantial conflict in the evidence in this case. The Industrial Board weighed it and, in its judgment, the

scales tipped in favor of the appellee and thus the appellant failed to sustain the burden the law casts upon him of proving his case by a fair preponderance of the evidence. This can be of no concern of ours even though the evidence, as it appeals to us, may tip the scales the other way.

The appellant complains that the Board made no finding as to his age at the time of the alleged accident, which age the undisputed evidence discloses to have been 14 years. In view of the Board's negative finding the appellant's age is immaterial. The appellant further contends that the Industrial Board went outside the issues in finding that the pathological condition of his leg, existing on July 1, 1943, was not due to any accidental injury sustained by him while in the employ of the appellee on that day "or any other day." The phrase "or any other day" has no place in the finding and it may be disregarded as mere surplusage. The finding is complete and conclusive without it. *Stinson* v. *Anderson Knife and Bar Co.* (1932), 94 Ind. App. 70, 179 N. E. 570.

In our examination of the appellant's brief we find several instances of the bare enunciation of abstract principles of law supported by authority. No effort is made, however, to show the applicability of such principles to the case at bar and for that reason we have not discussed them in detail. *Crawfordsville Trust Co., Admr.,* v. *Burke* (1931), 92 Ind. App. 558, 157 N. E. 6, 158 N. E. 493; *Makeever* v. *Barker* (1926), 85 Ind. App. 418, 154 N. E. 692. We add, however, that in view of a legal finding that the appellant suffered no accidental injury while in the appellee's employ, these questions become unimportant.

*Award affirmed.* By the court in banc.

NOTE.—Reported in 63 N. E. (2d) 147.