## ULAND v. LITTLE ET AL.

[No. 17,800. Filed December 7, 1948. Rehearing denied February 1, 1949. Transfer denied June 29, 1949.]

316

*Rosenfeld & Wolfe,* of Terre Haute, for appellant.

*Ewing Emison, John Rabb Emison, Horace A. Foncannon,* and *David H. Padgett,* all of Vincennes, for appellees.

BOWEN, J.—This is an appeal from an award of compensation by the full Industrial Board of Indiana against appellant, Claude D. Uland, and in favor of appellee, Esmond Lee Little.

The error assigned for reversal is that the award of the Industrial Board of Indiana is contrary to law.

The issue presented in this appeal was whether appellee Little at the time and place of the accident suffered by him which resulted in the injuries for which compensation was awarded was in the employ of appellant, Claude D. Uland, or in the employ of appellee, Theodore Charles. The full Industrial Board

found that the appellee, while in the employ of the appellant Uland at the average weekly wage of $36, sustained personal injuries as a result of an accident arising out of and in the course of his employment; that as a result of said accidental injury appellee was temporarily totally disabled and was so disabled at the date of the hearing. The full Industrial Board further found that at the time of the accidental injury the appellee was not in the employ of appellee Charles and the full board found for the appellee Little and against the appellant Uland on his supplemental form No. 9 application filed therein. An award followed such finding granting appellee Little as against the appellant Uland compensation at the rate of $19.80 per week to continue until terminated in accordance with the provisions of the Indiana Workmen's Compensation Act.

The appellant in support of his assignment of error contends first, that the award of the board is contrary to law because it is not based upon an express finding that appellee Little in the work being performed by him at the time and place of the accident was subject to the control or the right to control of appellant Uland. The board in its findings found expressly that the appellee Little was not an employee of appellee Charles, and that he was an employee of appellant Uland at the time and place of the accident.

This court has laid down the rule regarding the facts which in workmen's compensation proceedings must be the subject of express findings, which are as follows: (1) that claimant was an employee; (2) that he received an injury by accident; (3) that the accident arose out of and in the course of his employment; (4) the character and extent of such injury, and (5) claimant's average weekly

wage. *Pearson Company, Inc.* v. *McDermid* (1941), 109 Ind. App. 228, 31 N. E. 2d 642; *Cunningham* v. *Colon* (1939), 106 Ind. App. 387, 20 N. E. 2d 200; *Muncie Foundry and Mach. Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Sauer* v. *Tower Mfg. Co.* (1932), 94 Ind. App. 81, 179 N. E. 801; *Matlon* v. *Matlon* (1931), 92 Ind. App. 350, 175 N. E. 369; *Swing* v. *Kokomo Steel and Wire Co.* (1919), 75 Ind. App. 124, 125 N. E. 471.

Appellant's second proposition is that the award of the Industrial Board is contrary to law because the finding of the board that appellee Little at the time and place of the accident involved was in the employ of appellant Uland is not sustained by sufficient evidence. We must therefore determine in this appeal, whether, from the facts shown in the record there is evidence or reasonable inferences therefrom by which the board could have properly concluded that appellee Little was in the employ of appellant Uland, or whether the evidence leads inescapably to the conclusion that at the time and place of the accident Little was in the employ of appellee Charles.

It is well settled that this court will not weigh the evidence nor set aside an award of the Industrial Board where there is some evidence of probative value before the board which supports the finding and award. *E. I. DuPont de Nemours Co.* v. *Lilly* (1948), 226 Ind. 267, 79 N. E. 2d 387; *Pearson Company, Inc.* v. *McDermid, supra; Stinson* v. *Anderson Knife and Bar Company* (1932), 94 Ind. App. 70, 179 N. E. 570; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Standard Cabinet Co.* v. *Landgrave* (1920), 76 Ind. App. 593, 132 N. E. 661.

The evidence adduced at the hearing was conflicting to a considerable degree. However, from an examination of the record, the board could have properly found

that the appellant Uland whose principal occupation is farming, in 1946 had entered into an agreement with the appellee Charles under which he rented him a scraper, a team, a wagon, and a man for grading and excavating purposes. Under this agreement, Charles was to pay Uland the sum of $1.75 per hour for such team, man, and tools, and whatever Charles wanted them to do they were to do. This arrangement in 1946 continued for a few weeks. Later in September 1947, Charles called Uland and asked him to send over a team, scraper, and a man. Charles agreed to pay him the sum of $1.75 per hour as he had done in 1946. Uland hired Little to drive the team on this Charles job and agreed to pay Little for such work 75c per hour.

There is evidence from which the board could have reasonably inferred that Uland retained the power to substitute another workman for Little to do the work on the Charles job and retained the power to recall Little at any time from the work he was doing, and that Little considered himself an employee of Uland and not subject to discharge by Charles.

Uland paid Little his money every week and Charles paid Uland. The work in which Little was engaged was certain excavating and grading work which was being done in the addition owned by Charles. When working on the job Little would come by Uland's barn in the morning and pick up the team and go out to the Charles job and then return in the evening. When this accident happened at 4:30 in the afternoon, Little testified he was going to load the slip on the wagon and go to Uland's place. His wagon was on one side of the street and he was working on the other side and as he testified, "since they don't like for you to drag things across the street, I unhooked from the slip and was going over to get the wagon and the accident

happened. I hadn't got across the street from the side where the slip was. The accident happened when the wheel run off the curb down the street. The whiffle tree came loose and that left the left-hand horse loose in front. I had no control over it and when the other wheel went down he didn't want to turn and slipped around and hit the other horse and scared him."

The record in this case discloses a situation of a general employer and a special employer relationship between the appellant Uland and appellee Charles. Whether or not an employee rented by a general employer to a special employer becomes the employee of the latter is a question of fact in each case. The facts in the instant case that Uland retained the power to fire Little, that he could substitute others for Little in such relationship, that Little was hired by Uland in the first instance and directly paid by Uland, while not controlling, were facts and circumstances to be considered by the board in determining the relationship between the parties even though any of such facts or circumstances standing alone might be insufficient to conclusively establish such relationship. *Restatement of the Law of Agency,* Section 227; *Lazurus* v. *Scherer, supra; Board etc.* v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843; *New Albany etc. Mill* v. *Cooper* (1892), 131 Ind 363, 30 N. E. 294; *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 76 N. E. 2d 845.

Under the Indiana common law in the case of a general employer-special employer relationship, it has been held that the liability imposed by the doctrine of *respondeat superior* is made to rest upon the one who has the power to control and direct the servant in the performance of the particular work. *Standard Oil Co.* v. *Soderling* (1942), 112 Ind. App. 437, 42 N. E. 2d 373; *Indiana Union Traction Co.*

v. *Benadum* (1908), 42 Ind. App. 121, 83 N. E. 261; *Kohl* v. *H. P. Lenhart Furniture Co.* (1941), 58 Ind. App. 7, 106 N. E. 399; *Lieber v. Messick* (1930), 92 Ind. App. 264, 173 N. E. 238.

As stated in *Allen* v. *Kraft Food Co., supra:*

"The mode of payment and the right to terminate the relationship by discharge are each a circumstance to be considered along with other relevant facts and circumstances in determining the relationship, but neither is alone decisive . . . The power or right to command the act and to direct or control the means, manner or method of performance has been recognized in this state as the 'real' test . . . This court has recognized it as the 'decisive' test." 118 Ind. App., p. 471, 76 N. E. 2d 847.

In the case at bar, the evidence on the issue as to the power or right of control as between the general employer Uland and the special employer Charles is in direct conflict as disclosed by the testimony of Uland and Charles and Little, with conflict existing even in the testimony of individual witnesses.

Charles testified that he wouldn't know Little if he saw him, that Uland sent different parties out there, and that he didn't know any of them. He also testified that he didn't retain the right to direct and control the means and method of work to be performed by Little. He testified he never told Little what work he wanted done. He testified he told Uland he wanted piles of dirt scraped around the houses, and that he didn't give Little any orders.

From the evidence set forth in this opinion and the circumstances shown to exist at the time that Little was injured, the board could have properly concluded that at the time of the accident in question appellee Charles did not have the power or right to control the work which was being done at

the time Little was injured. The Board found that Little was not an employee of Charles but was an employee of the general employer Uland.

The full Industrial Board made an award which was based on evidence of probative value which supported its findings. This court cannot disturb such conclusion even though it might prefer another conclusion which is equally legitimate.

The facts of this case are somewhat similar to those in the case of *Latshaw* v. *McCarter* (1922), 79 Ind. App. 623, 137 N. E. 565. In that case the court held that the question presented to the board for determination was purely one of fact and that the evidence was ample to sustain the award.

The award of the full Industrial Board was not contrary to law and the judgment and award of the Industrial Board is, therefore, affirmed.

NOTE.—Reported in 82 N. E. 2d 536.