GUEVARA *v.* INLAND STEEL COMPANY ET AL.

[No. 18,056. Filed December 21, 1950. Rehearing denied January 26, 1951. Transfer denied June 8, 1951.]

*Harold J. Douthett,* of Hammond; and *Fischer, Bosgraf & Mackenzie,* of Chicago, Ill., for appellant.

*Baker & Daniels,* of Indianapolis; and *Dorsey, Travis & Tinkham,* of Hammond, for appellees.

BOWEN, P. J.—This is the second appeal in this case. Originally, Juana Guevara, the appellant, herein, and

appellee Lupe Guevara, who was then a minor, by Juana Guevara, her next friend, instituted proceedings under the Indiana Workmen's Compensation Act to recover benefits for the death of Esiquio Guevara, the husband of Juana Guevara, and father of Lupe Guevara by a previous marriage. Such death was caused by an accident arising out of and in the course of decedent's employment with the Inland Steel Company.

In the first appeal this court reversed a judgment and award of the Industrial Board denying compensation to Juana Guevara and awarding compensation to decedent's child, and remanded said cause to the Industrial Board with instructions to make a finding of fact on the issue presented as to whether the common-law marital relationship of appellant and decedent had existed openly and notoriously for a period of not less than five years immediately preceding the death of the decedent and to make an award accordingly.

At the time of the original hearing before the full Industrial Board, the Board denied compensation benefits to Juana Guevara, the alleged common-law wife of the decedent, and for the reason that, as the Board found and determined, the parties at the time of decedent's death had not maintained such common-law relationship *in Indiana* for five years.

In the first appeal this court in reversing the judgment and award of the Industrial Board held that the term "common-law relationship" as used in the statute means a relationship which fulfills the requirements of Indiana law as to common-law marriages, without reference to the place of its prior existence, or the validity of that relationship under the laws of any state other than Indiana. This court held that it was sufficient under the statute if appellant was the common-law wife of decedent in Indiana at the time of his

death, and if the common-law relationship, both in Illinois and Indiana, existed openly and notoriously for a period not less than five years immediately preceding decedent's death, and during all of this time fulfilled the requirements of the law of Indiana relating to common-law marriages.

After this cause was remanded by the judgment of this court in the first appeal to the full Industrial Board, such board rendered its subsequent finding and award. The board in such award and judgment recited its award and judgment on February 25, 1949; the appeal of Juana Guevara to this court; the decision of this court reversing said original award and remanding such proceedings with instructions as set out hereinbefore in this opinion; the overruling by the Appellate Court of the petition for rehearing and the denial of transfer by the Supreme Court. The board further found that on June 8, 1948, plaintiff's decedent, Esiquio Guevara, was in the employ of the defendant at an average weekly wage of $36.50; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with defendant, of which accidental injury he died the same day; that defendant had knowledge of said accidental injury and death. That at the time of his death, Esiquio Guevara was living with Juana Guevara, his common-law wife, and Lupe Guevara, age 16 years, his daughter by a former marriage, both of whom were wholly dependent upon him for their maintenance and support at the time of his said accidental injury and death, but that the common-law relationship of the said plaintiff, Juana Guevara, and the decedent herein, did *not* exist openly and notoriously for a period of five years immediately preceding the death of said decedent.

The full Industrial Board found for appellee, Lupe Guevara, and against defendant appellee, and found for defendant appellee and against plaintiff appellant, Juana Guevara, and made an award and judgment awarding Lupe Guevara compensation from June 8, 1948 to February 27, 1950, when said Lupe Guevara reached her majority, and that plaintiff appellant, Juana Guevara, take nothing on her claim for compensation. From this award of the full Industrial Board, this appeal was taken to this court.

Errors assigned for reversal are; that the finding of the Industrial Board that the plaintiff, Juana Guevara, common-law wife of Esiquio Guevara, at the time of his death, had not maintained such common-law relationship in Indiana for a period of five years, as provided by the Indiana Workmen's Compensation Law, is contrary to law; that the finding against appellant is contrary to law; and that the award against appellant in denying compensation to Juana Guevara is contrary to law. The appellant also assigns as error the action of the Industrial Board in denying the petition of plaintiffs for an allowance for additional attorneys' fees, and that such action is contrary to law.

The appellant, in support of her assignments of error, contends that the full Industrial Board's finding as to the common-law relationship of the parties is not a finding of fact and that it does not comply with the instructions of this court in its decision in the first appeal. It is further contended that the finding of the Industrial Board does not show whether the decision of this court in the first appeal was followed by the board in its finding in this cause, and that the Industrial Board's finding is vague, ambiguous, and a mere conclusion unsupported by the record. The appellant urges that the board should be required to make a

specific finding of the actual facts of the common-law relationship showing its commencement and duration not only in Indiana, but in Illinois as well.

In considering these contentions of appellant, we think it is significant that the full Industrial Board in its first award found and determined that the parties at the time of decedent's death had not maintained such common-law relationship *in Indiana* for five years. In the later award following the decision of this court, the Industrial Board did not use the words "in Indiana," and it is clearly apparent that in making the award in the latter case, the full Industrial Board followed the mandate of this court and determined the ultimate facts "that the common-law relationship of appellant and decedent did not exist openly and notoriously (anywhere) for a period of not less than five years immediately preceding the death of decedent." (Our insertion and parenthesis) ·

This becomes apparent when we consider the facts of the recitation of the record as contained in the Board's finding and award. It is not necessary for the board in its finding to state evidentiary facts upon which the ultimate facts of the existence of such relationship were based. The distinction between conclusions of law and ultimate facts has always presented difficulty to our courts of last resort. It has been said that an ultimate fact is the final or resultant fact that has been reached by the process of logical reasoning from the detail of probative fact. 41 American Jurisprudence, Pleading, § 7, p. 292; *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351; Ultimate facts are determined as a result of an inferential process; the evidentiary facts are the premises and the ultimate facts the conclusions. Therefore, an ultimate fact may be determined as a result of a natural connection of one fact with others by a process of

reasoning. A conclusion of law differs in that it is made by attaching a rule of law or legal incident to a particular fact proved. It is the process by which the result is attained which is determinative of the distinction in the particular case. An act or circumstance is none the less a fact merely because it may also be reached or considered as a conclusion of law. *Levins* v. *Rovegno* (1886), 71 Calif. 273, 12 Pac. 161; *Blake* v. *Gunderson* (1923), 46 S. Dak. 642, 195 N. W. 653.

From an examination of the record it seems to us apparent that when the Board made its finding that the common-law relationship of the appellant and decedent did not exist openly and notoriously for a period of five years immediately preceding the death of the decedent, it was determining the ultimate facts based upon the evidentiary facts of such relationship, and was not, therefore, determining the legal effect of such evidentiary facts. This court must indulge the presumption that the trier of the facts acted regularly and properly and not arbitrarily and capriciously in the absence of a showing of circumstances from which arbitrary and capricious action might be presumed. The board in its finding cited the former opinion of this court which remanded this cause to such board for the determination of certain ultimate facts which this court held to be conflicting under the evidence. This, we think the board did by its finding and award.

This court has repeatedly held and determined that conclusions similar to the one involved in the case at bar constitute ultimate facts. *Burton-Shields Co.* v. *Steele* (1949), 119 Ind. App. 216, 83 N. E. 2d 623; *Uland* v. *Little* (1949), 119 Ind. App. 315, 82 N. E. 2d 536; *Nash* v. *Meguschar* (1950), 228 Ind. 216, 91 N. E. 2d 361; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

Therefore, upon examination of the record and the authorities it would appear that the full Industrial Board has complied with the instructions contained in the mandate of this court contained in the opinion in the former appeal.

We next come to a consideration of the question whether the award is supported by evidence of probative value. The appellant insists that the finding of the Industrial Board is entirely unsupported by the evidence, and that there is no substantial or real conflict in the evidence on the issue of the commencement and duration of the common-law relationship of decedent and appellant. This court in the previous appeal, *Guevara* v. *Inland Steel Company* (1950), 120 Ind. App. 47, 88 N. E. 2d 398, upon the same evidence which is presented to the court in the present appeal held that the evidence was conflicting as to whether the common-law relationship of the parties existed for more or less than five years from its inception in Illinois.

Therefore, under the rule of the law of the case, we must accept the prior determination of this court that the evidence was conflicting as to the existence of such relationship for more or less than five years from its inception in Illinois. It may be assumed that this court in such previous opinion had reference to conflicting evidence of probative value. However, in reviewing this question in this subsequent appeal, let us consider whether there is evidence of probative value to sustain the finding and award of the full board in holding that such common-law relationship of appellant and decedent did not exist openly and notoriously for a period of five years preceding the death of decedent. The record shows that the decedent suffered instant death as a result of his injuries on June 8, 1948. While there are contradictions in her testimony, the appellant stated positively and directly

on four different occasions in her testimony that she first met the decedent, Esiquio Guevara, in 1944 which would clearly negative the contention of appellant that such common-law relationship could have existed for a period of not less than five years. The defendant's Exhibit B which was introduced in evidence and which purported to be information given by the decedent at the time of an interview on April 28, 1944, indicated the name of decedent's wife as Maria A. Guevara. This evidence would indicate that in April of 1944 he was married to someone other than Juana Guevara, the appellant. While this evidence because of its nature is perhaps not of comparable weight to that of the admissions made by the appellant herself as to the time when she first met the decedent, it is corroborative of such testimony of the appellant. We feel that from the whole record the board was justified in finding and concluding that the common-law relationship of appellant and decedent did not exist openly and notoriously for a period of five years immediately preceding decedent's death, either in Illinois or in the State of Indiana.

The appellant assigns additional error in the denial of the petition of plaintiffs for an allowance of additional attorneys' fees and that such action is contrary to law. The statute places the fixing of attorneys' fees within the discretion of the Industrial Board. From our examination of the whole record the findings and award and the contentions of appellant, we hold that there was not an abuse of discretion of the full Industrial Board in denying the petition of plaintiffs for an allowance of additional attorneys' fees. Therefore, since the award and judgment of the full Industrial Board in this cause were in accordance with the mandate of this court in the previous appeal and since such finding, award, and judg-

ment of the full board is based on sufficient competent evidence of probative value and is not contrary to law, the award and judgment of the full Industrial Board is affirmed.

NOTE.—Reported in 95 N. E. 2d 714.