### U.S. METALSOURCE CORPORATION a/k/a U.S. Steel Supply, Inc., Appellant,

v.

### Kenneth R. SIMPSON and Debra K. Simpson, Whiteford National Lease a/k/a Lend Lease Trucks, Inc., Appellees.

#### No. 49A04–9409–CV–348.

Court of Appeals of Indiana, Fourth District.

April 27, 1995.

Thomas Todd Reynolds, Robert A. Durham, Rocap, Witchger & Threlkeld, Indianapolis, for appellant.

Richard M. Malad, Gregory L. Laker, Cohen & Malad, Indianapolis, for appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant U.S. Metalsource Corporation a/k/a U.S. Steel Supply, Inc. (hereinafter, Metalsource) appeals the trial court's determination in favor of Plaintiffs–Appellees Kenneth R. and Debra K. Simpson (hereinafter, referred to collectively as Simpson).

We remand.

### ISSUE

The following issue is presented for our review: whether the trial court erred in finding that Simpson was not a Metalsource employee.

### FACTS AND PROCEDURAL HISTORY

Simpson is a truck driver. He began working for Whiteford National Lease a/k/a Lend Lease Trucks, Inc. (hereinafter, Whiteford) in late November, 1988. Under an arrangement between Whiteford and Metalsource, he began hauling steel from a Metalsource facility in December of 1988. Simpson hauled steel under this arrangement until November 27, 1990. On that date, Simpson was injured while attempting to move steel on the back of his truck.

Simpson subsequently filed suit contending that his injuries were caused by Metalsource's negligence. Metalsource responded by filing a motion for summary judgment on the question of whether Simpson was a Metalsource employee at the time of his injury. The trial court denied the motion for summary judgment.

Metalsource then filed a motion for reconsideration alleging that Simpson's employee status was a jurisdictional question to be determined by the trial court. The court considered the motion, and determined that Simpson was not a Metalsource employee at the time the injuries occurred. It further determined that it had jurisdiction over the matter. Metalsource responded with a motion asking the trial court to render its judgment final under Ind.Trial Rule 54(B). The trial court did so, and Metalsource appeals.

### STANDARD OF REVIEW

The defense raised by Metalsource is an attack on the jurisdiction of the trial court. *Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606, 610. If Simpson was a Metalsource employee at the time of the injury, the trial court has no jurisdiction. If Simpson was an independent contractor or casual employee, the trial court does have jurisdiction. *Id.* at 610–611. The defense finds its source in the exclusivity provision of the Indiana Workers Compensation Act. IND.CODE 22–3–2–6.

A defense that the plaintiff's action is barred by the exclusivity provision of the Act is an attack on the trial court's subject matter jurisdiction, which cannot form the basis of a motion for summary judgment. *Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, 1286; *Burke v. Wilfong* (1994), Ind.App., 638 N.E.2d 865, 867, n. 1. Lack of subject matter jurisdiction is an affirmative defense which may be raised in the pleadings under T.R. 8(C) or on motion to dismiss for lack of jurisdiction under T.R. 12(B)(1). *Perry*, 637 N.E.2d at 1286.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. *Id.* In doing so, it may consider not only the complaint and motion but any affidavits or other evidence submitted. *Id.* at 1287. Moreover, the court "may weigh the evidence to determine the existence of the requisite jurisdictional facts." *Id.*

In the present case, Metalsource erroneously challenged the trial court's jurisdiction by filing a motion for summary judgment. After the trial court's denial of the motion, Metalsource asked for reconsideration of the jurisdiction issue. The trial court looked at the evidence submitted and determined that

Simpson was not a Metalsource employee at the time of his injuries. Thus, it found that it had jurisdiction over the case. In doing so, the trial court correctly treated Metalsource's motion for reconsideration as a motion to dismiss. *See Perry*, 637 N.E.2d at 1287; *Burke*, 638 N.E.2d at 867, n. 1.

## DISCUSSION AND DECISION

The ultimate question which the trial court was asked to determine was whether Simpson was a Metalsource employee at the time of his injuries. I.C. 22–3–6–1(b) defines an employee under the Act as "every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." I.C. 22–3–3–31 establishes that it is possible for an employee to be acting in the "joint service of two (2) or more employers" under the Act.

■ Where two employers "so associate themselves together that both are in direct control of the employee and he is made accountable to both, he will be considered an employee of both employers...." *Jackson Trucking Co. v. Interstate Motor Freight System* (1952), 122 Ind.App. 546, 104 N.E.2d 575, 580. The same person may act as an employee of one entity in certain aspects of a transaction and as an employee of another in a different part of the business. *Id.* An important question in the dual employment context is whether "both employers possess a substantial, but not necessarily exclusive, right or power of control over the employee and the means, manner and method of his performance." *Fox v. Contract Beverage Packers, Inc.* (1980), Ind.App., 398 N.E.2d 709, 711; *Doe v. Allied–Signal, Inc.* (7th Cir.1991), 925 F.2d 1007, 1008. This question has been stated as "[t]he power or right to command the act and to direct or control the means, manner or method of performance," and has been recognized as the decisive factor. *Jackson Trucking*, 104 N.E.2d at 578 (citing *Uland v. Little* (1948), 119 Ind.App. 315, 82 N.E.2d 536, 538). There are seven indicia bearing on the question of whether a right to control exists. These indicia are the (1) right to discharge; (2) mode of payment; (3) provision of tools or supplies; (4) belief by the parties in the existence of an employer-employee relationship; (5) control over the means used or result reached; (6) length of employment; and (7) establishment of work boundaries. *Fox*, 398 N.E.2d at 711–712.

■ In the present case, the parties do not dispute that when the accident occurred Simpson was an employee of Whiteford, but they do dispute whether he was also a Metalsource employee. On each workday Simpson picked up his tractor at Whiteford. He drove the tractor, equipped with both Whiteford and Metalsource decals, to Metalsource's warehouse. He emerged from the truck and opened the Metalsource gate with a key provided to him by Metalsource. He hooked up his tractor to a Metalsource-owned trailer containing steel. He then proceeded into the warehouse and picked up a clipboard with his name on it. The clipboard contained bills of lading prepared by Metalsource and provided the instructions for what he was to deliver, when he was to deliver it, and where he was to deliver it.

On some days, the trailer would not be loaded properly and Simpson would complain to a Metalsource employee. On other days, circumstances would require Metalsource to call Simpson to change his route to accommodate different buyers. No approval from Whiteford was required for this change in route. On rainy days, Simpson was instructed by both Whiteford and Metalsource to place a tarp over the steel.

Although Metalsource did not have the power to terminate Simpson's employment with Whiteford, it could terminate his employment with Metalsource by calling a Whiteford supervisor and instructing him that it no longer wanted Simpson to deliver its steel. On at least two occasions, Metalsource terminated the employment of Simpson's co-workers in this manner.

Simpson's driving for Metalsource continued for almost two years. He did not haul steel or any other product for anyone else.

■ All of the above undisputed factors combine to establish as a matter of law that Simpson was a Metalsource employee at the

time of the injury. The only indications that Simpson was not a Metalsource employee at the time of his injury were that (1) he received his paycheck from Whiteford, and (2) he did not believe himself to be a Metalsource employee. However, mode of payment is not in itself determinative and "does not defeat the existence of an employer-employee relationship." *Fox*, 398 N.E.2d at 712. Furthermore, Simpson's belief does not defeat the existence of the employer-employee relationship in light of his long-term acquiescence to the conditions discussed above. *See Beach v. Owens–Corning Fiberglas Corp.* (N.D.Ind.1982), 542 F.Supp. 1328, 1329–30, *cert. denied* 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48.[1]

### ·CONCLUSION

As a matter of law, Simpson was an Metalsource employee at the time of his injury. Because he was an employee, relief for his injuries must come under the Workers Compensation Act. Therefore, under the Act's exclusivity provisions the trial court does not have jurisdiction.[2] The trial court erred in determining otherwise.

We remand with instructions to the trial court to dismiss the action.

DARDEN and HOFFMAN, JJ., concur.

---

1. Simpson places great emphasis on the factors indicating that Whiteford retained some right of control. As discussed above, the right to control does not have to be exclusive.

    Simpson also places emphasis on his belief that his employment arrangement was similar to the arrangement examined in *Turner v. Schumacher Motor Express, Inc.* (1950), 230 Minn. 172, 41 N.W.2d 182, 184, wherein the court found that the truck driver was not an employee of the lessee corporation because the lessee's control was limited only to "cargo, destination, and route." We find the facts in the *Turner* case distinguishable because the relationship between the trucker and the trucking companies consisted of only a single trip-lease rather than a continuing and exclusive arrangement.

2. Jurisdiction in matters under the Act lies with the Worker's Compensation Board.